### COMMERCIAL NATIONAL BANK v. A. B. WESTER.

(Filed 15 October, 1924.)

**Bills and Notes—Negotiable Instruments — Infirmity — Holder—Prima Facie Case—Evidence.**

While a holder of a negotiable instrument regular on its face is prima facie presumed to be one in due course, he is required to show that he has not obtained it with notice of a prior infirmity therein when evidence of the infirmity of the instrument is introduced on the trial, and under such conditions the question of such notice is one for the jury. For the effect upon the negotiable instrument given for shares of stock in a corporation solicited in violation of the Blue-Sky Law, see *Bank and Trust Co. v. Felton, post,* 384.

APPEAL by defendant from *Grady, J.,* and a jury, March Term, 1924, of WAKE.

*C. A. Gosney and J. M. Broughton for plaintiff.*
*N. Y. Gulley for defendant.*

CLARKSON, J. The issues submitted to the jury and their answers thereto are as follows:

"1. Was the execution of the two notes referred to in the pleadings procured by false and fraudulent representations as alleged in the answer of defendant? Answer: Yes.

"2. If so, did the plaintiff acquire said notes in due course for value, and before maturity, without actual notice of said false and fraudulent representations? Answer: Yes.

"3. At the time of execution of said notes did the salesman of the Cumberland Railway and Power Company deliver to the defendant a contract in accordance with section 6367 of Consolidated Statutes? Answer: No.

"4. If not, did the plaintiff have notice of said fact? Answer: No.

"5. In what amount, if any, is defendant indebted to the plaintiff on account of said notes? Answer: $1,000 with interest."

Upon the conclusion of the evidence the court below instructed the jury that if they believed the evidence and found the facts to be as testified to by the witnesses, they would answer the first issue, "Yes," the second issue, "Yes," the third issue, "No," the fourth issue, "No," and the fifth issue, "$1,000 with interest."

To the instructions of the court below, with reference to the second and fifth issues, the defendant excepted and assigned error. We think there was error. From the record there was evidence to be submitted to the jury that the notes sued on were procured by false and fraudulent representations of the agent or salesman of the Cumberland Railway and Power Company. The learned judge who tried the case so thought. If there was evidence, it is well settled in this State that "upon proof of fraud or illegality being offered, burden is shifted to holder, and he must show that he received the instrument bona fide and for value." *Bank v. Sherron,* 186 N. C., 299.

This matter is so well stated in *Moon v. Simpson,* 170 N. C., 336-7, by *Allen, J.,* that we reproduce it: "In *Trust Co. v. Bank,* 167 N. C., 261, the Court said: 'Our negotiable instrument law is simply the codification of the common law, and under both the statute and the common law the possession of a negotiable instrument by the endorsee, or by a transferee where indorsement is not necessary, imports prima facie that he is the lawful owner and that he acquired it before maturity, for

value, in the usual course of business and without notice of any circumstances impeaching its validity. Nothing else appearing, this entitles the holder of a negotiable instrument to maintain an action upon it. By presenting the paper, in case duly endorsed, the plaintiff made out a prima facie case, that is, a case sufficient to justify a verdict for him on the first issue.' This prima facie case may be rebutted. The rule is different where it is shown that the title of the person who *negotiated the instrument* is defective [Rev., sec. 2208 (C. S., 3040)], and his title is defective if 'he obtained the instrument or any signature thereto by fraud, duress or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiated it in breach of faith or under such circumstances as amount to fraud.' Rev., sec. 2204 (C. S., 3036). In such case, when it is shown that the title of the person who negotiated the instrument is defective, or there is evidence of the fact, 'It is necessary for a recovery by one claiming to be the holder in due course to show by the greater weight of the evidence that he acquired the title (1) before maturity; (2) in good faith for value; (3) without notice of any infirmity or defect in the title of the person negotiating it.' *Mfg. Co. v. Summers,* 143 N. C., 108; *Smathers v. Hotel Co.,* 168 N. C., 69; *Bank v. Fountain,* 148 N. C., 590; *Bank v. Branson,* 165 N. C., 344; *Bank v. Drug Co.,* 166 N. C., 100."

It was said in *Sterling Mills v. Milling Co.,* 184 N. C., 463: "For the error, as indicated, in directing a verdict on evidence from which different inferences may be drawn, we are of opinion that the cause must be submitted to another jury."

The "Blue-Sky Law" defense we have considered in *Planters Bank and Trust Co. v. Felton, post,* 384.

It is of interest to note in the record the testimony of one of the witnesses for defendant, on cross-examination: "I have been a farmer and merchant in Franklin County, accustomed to notes and papers; did business with banks and stores. Have been a director in one bank since its organization. I knew what a note was, and have learned a lot about notes since. I did not think I was going to get something for nothing. It was pictured to us to be pretty, and that man had the gift of gab, and a lot of times a man can overpower you. If the Christian religion had five or six men like that going around preaching the gospel they could soon Christianize the whole world."

"Now the serpent was more subtle than any beast of the field." Genesis, ch. 3, part verse 1.

For reasons given there must be a

New trial.