PAYNE-FARRIS COMPANY v. MRS. L. A. KUESTER AND MISS L. E. KUESTER.

(Filed 24 November, 1937.)

**Principal and Agent § 12—Acceptance and use of goods and signing replevy bond held to ratify agent's execution of conditional sales contract.**

Where a conditional sales contract is signed by a person in the name of another, and the person for whom the goods were bought receives and uses same, and files a replevy bond to resist recovery by the seller in claim and delivery, she ratifies the signing of the conditional sales contract in her name, and may not deny the authority of the agent to sign same.

APPEAL by defendant Mrs. L. A. Kuester from *Harding, J.*, at February Term, 1937, of MECKLENBURG. No error.

*Jake F. Newell for plaintiff, appellee.*
*John Newitt for defendant, appellant.*

PER CURIAM. This is an action in claim and delivery of certain furniture sold and delivered on a title retained contract. Appropriate issues were submitted and answered in favor of the plaintiff, and from judgment in accord therewith defendant Mrs. L. A. Kuester appealed.

The principal assignment of error urged in the brief of the appellant is the court's failure to sustain her objection to the admission in evidence of the title retained contract signed in her name by Miss L. E. Kuester, her daughter, without the plaintiff having first established the authority of the daughter to sign the name of her mother thereto. Without passing upon the question of whether the daughter was originally authorized to sign the contract, the evidence is that the mother, the appellant,

18—212

received the furniture in her home, enjoyed the use and benefits thereof, resisted its recovery by giving replevy bond, and thereby ratified the action of her daughter in signing her name and procuring the furniture. "The relation of principal and agent is created by ratification when one person adopts an act done by another person, assuming to act on his behalf, but without authority or in excess of authority, with the same force and effect as if the relation had been created by appointment." *Trollinger v. Fleer,* 157 N. C., 81. The ratification of the action of her daughter by the appellant rendered the instrument competent evidence.

The motion for judgment as in case of nonsuit made and renewed pursuant to C. S., 567, cannot be sustained, since the evidence was sufficient to carry the case to the jury.

We have examined the other exceptive assignments of error and find no prejudicial error.

No error.