MARION C. PATTERSON v. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

(Filed 4 February, 1966.)

**1. Pleadings § 12—**

Upon demurrer for failure of the complaint to state a cause of action, the complaint must be construed as a whole, every reasonable intendment and presumption must be made in favor of plaintiff, and the demurrer overruled if facts sufficient to state a cause of action upon any theory are alleged or logically inferred. G.S. 1-151.

**2. Principal and Agent § 6—**

Where a person without authority or with limited authority purports to act as agent in doing an unauthorized act, the supposed principal, upon discovery of the facts, may ratify the act of the agent and thus give it the same effect as though it had been authorized.

**3. Same—**

An act must be ratified in whole and not in part; however, the ratification of one unauthorized act does not require the ratification of another and entirely different act, and the principal may ratify the sale of personal property by an agent without authorizing the agent to collect the purchase price therefor.

**4. Corporations § 17—**

Under the Uniform Stock Transfer Act an unlimited endorsement and delivery of a certificate of stock to another, or the delivery of it to him together with a separate document containing a written assignment or a power of attorney to him for the transfer of the stock, clothes such other with indicia of ownership, and a bona fide purchaser for value will take the shares free from any lack of actual authority. G.S. 55-75, G.S. 55-98.

5. **Principal and Agent § 6— Complaint, although alleging facts constituting ratification of agent's transfer of stock, held not to allege facts estopping plaintiff from denying agent's authority to receive payment.**

Plaintiff's allegations were to the effect that plaintiff was the owner of certain common stock, that plaintiff entrusted this stock to another for the purpose of exchanging it but without authority in such agent to sell the stock, that the agent did sell the stock to defendant, that it clearly appeared upon the face of the certificate that plaintiff was the owner of the stock and entitled to payment therefor, that defendant negotiated the stock and received the proceeds therefrom, and that the agent had no authority to receive payment for the stock. *Held:* The complaint liberally construed does not allege endorsement of the certificate by plaintiff or that the agent was given indicia of ownership, and while it alleges facts constituting a ratification of the transfer of the stock to defendant by the agent, it does not allege facts constituting the ratification by or estoppel of plaintiff to deny the agent's authority to receive for plaintiff the payment, and therefore demurrer to the complaint for failure to state a cause of action should have been overruled.

APPEAL by plaintiff from *Mintz, J.,* 8 February 1965 Special Civil Session of NASH.

The plaintiff appeals from a judgment sustaining a demurrer to the complaint, the ground of the demurrer being that the complaint fails to state a cause of action.

The complaint alleges: The defendant is a corporation engaged in the purchase and sale of securities; the plaintiff was the owner of 100 shares of the common stock of Carolina Power & Light Company as evidenced by a stock certificate; plaintiff entrusted this certificate to one Lee for the purpose of exchanging it for shares in another company; Lee was not authorized to sell the stock but did sell it to the defendant for $6,150; Lee had no authority to receive payment for the stock; it clearly appeared upon the face of the certificate that the plaintiff was the owner thereof and was entitled to payment therefor; the defendant "negotiated" the stock to various persons unknown to the plaintiff and received the proceeds from the sale of the certificate; the plaintiff has demanded that the defendant pay her for the stock but the defendant refuses to do so. The prayer is that the plaintiff recover of the defendant $6,150, the amount for which the defendant purchased the stock from Lee.

*Fields & Cooper & Leon Henderson, Jr., for plaintiff.*
*Gardner, Connor & Lee for defendant.*

LAKE, J. Upon a demurrer to a complaint for the reason that it fails to state a cause of action, the complaint must be construed as a

whole, every reasonable intendment and presumption must be made in favor of the plaintiff and if, when it is so construed, facts sufficient to state a cause of action upon any theory are alleged therein, or may logically be inferred from the allegations thereof, the complaint must be sustained and the demurrer overruled. *Hargrave v. Gardner*, 264 N.C. 117, 141 S.E. 2d 36; *Wilson v. Motor Lines*, 207 N.C. 263, 176 S.E. 750; *Scott v. Insurance Co.*, 205 N.C. 38, 169 S.E. 801; *Little v. Little*, 205 N.C. 1, 169 S.E. 799; *Griffin v. Baker*, 192 N.C. 297, 134 S.E. 651. The common law rule that pleadings are to be construed most strongly against the pleader has been abrogated in this State by G.S. 1-151. *Steele v. Cotton Mills*, 231 N.C. 636, 58 S.E. 2d 620. As Connor, J. said, speaking for the Court, in *Scott v. Insurance Co., supra:*

> "In *Hoke v. Glenn*, 167 N.C. 594, 83 S.E. 807, it is said: 'It is the purpose of the Code system of pleading, which prevails with us, to have actions tried upon their merits, and to that end pleadings are construed liberally, every intendment is adopted in behalf of the pleader, and a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient.' "

The complaint alleges, "that it clearly appeared upon the face of the aforementioned stock certificate that the plaintiff was the owner thereof and that the plaintiff was entitled to payment therefor." The complaint then alleges that the defendant "negotiated the aforementioned stock." It also alleges that the plaintiff "entrusted the aforementioned certificate" to Lee "for the purpose of exchanging this certificate for shares of stock in another company."

There is no allegation in the complaint that the plaintiff indorsed the certificate to Lee or delivered it to him together with a separate paper authorizing him to transfer it, or clothing him with indicia of ownership of the shares represented thereby.

Applying the foregoing principle of construction, we think that the allegation as to what appeared upon the "face" of the stock certificate should not be construed narrowly so as to limit it to an allegation as to what appeared upon the front side of the certificate. We think a liberal construction of this allegation is that one examining the entire certificate, front and back, without more, would conclude therefrom

that "the plaintiff was the owner thereof and that the plaintiff was entitled to payment therefor." That is, this is an allegation that there was nothing on the certificate to indicate that Lee was the owner of the shares represented by the certificate or had any interest of his own therein.

The allegation that the defendant "negotiated" the stock, interpreted literally and strictly against the pleader, would probably indicate that the plaintiff had indorsed the stock certificate. However, the terms of the complaint may not be construed strictly against the plaintiff. They are to be construed liberally in her favor. So construed, this allegation should be taken to mean only that the defendant re-transferred the shares to others. This could have been done in reliance upon an unauthorized, purported indorsement of the plaintiff's name by Lee. We, of course, do not intend to suggest that this was done. We merely point out that the complaint, liberally construed, in favor of the plaintiff, does not allege an indorsement of the certificate by the plaintiff or that she otherwise clothed Lee with indicia of ownership of the shares.

The complaint, therefore, liberally construed, alleges that the plaintiff delivered her stock certificate to Lee for a specified purpose only, her ownership of the shares appeared clearly upon the stock certificate, and Lee, without authority, sold the shares to the defendant for $6,-150, and thereafter the defendant paid Lee this amount, he having no authority to receive payment for the plaintiff who has demanded, and in this action demands, that the defendant pay her the purchase price agreed upon between it and Lee. From these facts it is a reasonable inference that in the sale of the shares to the defendant, and again in receiving payment therefor from the defendant, Lee purported to act as agent for the plaintiff. The complaint, construed as we must construe it upon a demurrer, alleges no fact suggesting any other right or authority in Lee to sell the stock.

It is elementary that when one, with no authority whatever, or in excess of the limited authority given him, makes a contract as agent for another, or purporting to do so as such agent, the supposed principal, upon discovery of the facts, may ratify the contract, in which event it will be given the same effect as if the agent, or purported agent, had actually been authorized by the principal to make the contract prior to the making thereof. *Payne-Farris Company v. Kuester*, 212 N.C. 545, 193 S.E. 707; *McNeely v. Walters*, 211 N.C. 112, 189 S.E. 114; *Acme Mfg. Co. v. McPhail*, 181 N.C. 205, 106 S.E. 672; *Osborne v. Durham*, 157 N.C. 262, 72 S.E. 849; *Trollinger v. Fleer*, 157 N.C. 81, 72 S.E. 795; 3 Am. Jur. 2d, Agency, § 160, *et seq.* Of course, ratification is not possible unless the person making the contract (Lee), in doing so, purported to act as the agent of the person claiming or

claimed to be the principal. *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828; *Flowe v. Hartwick*, 167 N.C. 448, 83 S.E. 841.

Interpreting the complaint, as we do, to allege by inference that Lee, in the sale of the plaintiff's stock and the delivery of her stock certificate, purported to sell the shares as the plaintiff's agent and on her account, ratification of such sale by the plaintiff was possible. That being true, any act of the plaintiff, with knowledge of the sale, showing a purpose by her to elect to treat the sale as a valid disposition of her title to the shares, would constitute a ratification by the plaintiff of the sale. Ratification is implied when the conduct of the principal constitutes an assent to the act in question. *Acme Mfg. Co. v. McPhail*, supra. "One of the most unequivocal methods of showing a ratification of an agent's unauthorized act is by bringing an action or basing a defense on the unauthorized act with full knowledge of the material facts." 3 Am. Jur. 2d, Agency, § 174. The complaint alleges that the plaintiff demanded that the defendant pay her for the shares, and she brings this action to recover the amount of the purchase price fixed by the contract made by the defendant with Lee. The plaintiff had no right to the contract price, as such, without affirming the contract. *Jones v. Bank*, 214 N.C. 794, 1 S.E. 2d 135. She cannot, at the same time, deny the validity of the sale to the defendant and claim the agreed purchase price from the defendant.

Assuming, as we must, that Lee sold the plaintiff's stock to the defendant without her authority and had in his possession nothing but a certificate by which "it clearly appeared * * * that the plaintiff was the owner thereof," the plaintiff originally had the right to repudiate the sale and sue the defendant for the conversion of her shares of stock. In that event, she would not be entitled to recover the price fixed by the contract between Lee and the defendant, as such, but her right would be to recover the fair market value of her property which, since the property was corporate stock fluctuating in value, might possibly be determinable at some time other than the exact date of the conversion. The fact that this might be the same as the price agreed upon between Lee and the defendant is immaterial. The plaintiff, in her complaint, makes no allegation as to the fair market value of the stock. She sues for the contract price set by Lee and the defendant. Thus, it appears from her complaint that she does not proceed in this action upon the theory of conversion but upon the theory of ratification of the sale made for her account by Lee. In her brief in this Court, she states that the question is not whether Lee "exceeded his authority in delivering the certificate" to the defendant but is whether the defendant had authority to pay Lee for the certificate.

In the somewhat similar case of *Osborne v. Durham, supra,* this Court held that, where an agent sold stock in excess of his authority, a demand by the principal upon the purchaser for payment of a note taken by the agent for the purchase price was a ratification of the sale, so that the principal could not thereafter sue the agent and the purchaser on the theory of conversion.

It is also elementary that a contract cannot be ratified in part. The principal cannot claim the benefits without accepting the burden. *Jones v. Bank, supra;* 3 Am. Jur. 2d, Agency, § 172. However, "the ratification of one unauthorized act is not the ratification of another and entirely distinct act." 3 Am. Jur. 2d, Agency, § 181.

The complaint does not allege, and it is not a necessary inference therefrom, that the defendant paid Lee the agreed sale price of the stock simultaneously with the making of the contract for sale. Thus, it does not appear from the complaint, interpreted liberally in favor of the plaintiff, that the contract for the sale of the shares and the payment by the defendant to Lee were parts of the same transactions so as to make it impossible for the plaintiff to ratify the sale and disavow the payment.

Ratification by the plaintiff of the sale has the same effect as prior authority from the plaintiff to Lee to make the sale. This would carry with it implied authority to do all things usually done by an agent authorized to make a sale of a principal's stock. 3 Am. Jur. 2d, Agency, § 99. However, authority to sell, even when coupled with the possession of the goods by the agent, does not necessarily authorize the agent to collect the price or estop the principal from collecting from the purchaser who pays the agent. 3 Am. Jur. 2d, Agency § 106.

It does not appear how or when the payment was made by the defendant to Lee, but it is alleged in the complaint that "it clearly appeared" from the stock certificate "that the plaintiff was the owner thereof and that the plaintiff was entitled to payment therefor." This being true, if the defendant paid Lee in cash or by its check without inserting the name of the plaintiff as a payee thereof, there is nothing in the complaint to suggest that the plaintiff has made any representation to the defendant which now estops her from denying Lee's authority to receive for her the payment which the certificate clearly showed she was entitled to receive.

The matter is before us on demurrer to the complaint. We must, therefore, assume all of the facts stated in the complaint, together with all reasonable inferences which may be drawn therefrom favorable to the plaintiff, are true. If they are not, or if there are other material facts which would constitute a defense, the defendant

may so allege in its answer and thus present to the court questions different from those which we are now called upon to decide.

It does not appear from the complaint whether the certificate was issued to the plaintiff by the issuing corporation before or after 15 March 1941. Consequently, it cannot be determined from the complaint whether the Uniform Stock Transfer Act, G.S. 55-75 to G.S. 55-98, applied to this certificate. In either event, the unlimited indorsement and delivery of the certificate by the plaintiff to Lee, or the delivery of it by her to him, together with a separate document containing a written assignment to him or a power of attorney to him for the transfer of the shares, would clothe Lee with indicia of ownership. In that event, a bona fide purchaser for value would take the shares free from any lack of actual authority in Lee to make the transfer, and a payment to him by such purchaser, without notice of the right of the plaintiff and of the lack of authority in Lee, would be a defense to a claim by the plaintiff. G.S. 55-81 (if the certificate was issued after 15 March 1941); *Castelloe v. Jenkins*, 186 N.C. 166, 119 S.E. 202 (if the certificate was issued prior to 15 March 1941). This, however, is an affirmative defense which must be pleaded and proved by the defendant, just as one claiming to be the holder in due course of a negotiable instrument must prove he has that status when it is shown that the person from whom he acquired the instrument negotiated it in breach of faith. *Clark v. Laurel Park Estates*, 196 N.C. 624, 146 S.E. 584; *Bank v. Wester*, 188 N.C. 374, 124 S.E. 855; *Moon v. Simpson*, 170 N.C. 335, 87 S.E. 118.

It appears upon the face of the complaint that Lee transferred the stock to the defendant in breach of trust. It does not appear thereon that the certificate was indorsed by the plaintiff or that she clothed Lee with indicia of ownership and it does not appear thereon that the defendant was a purchaser without notice of the defect in Lee's title or authority to sell. Consequently, the complaint, when liberally construed, states facts sufficient to constitute a cause of action and the demurrer should have been overruled.

Reversed.