D. L. H., INC. v. MACK TRUCKS, INC. AND RALEIGH MACK SALES
No. 683SC257

(Filed 18 December 1968)

**1. Trial § 21— motion to nonsuit — consideration of evidence**
   On motion for judgment of compulsory nonsuit, plaintiff's evidence is to be taken as true and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence.

**2. Sales § 15— action for breach of warranty — burden of proof**
   In an action to recover upon oral warranty of a truck motor allegedly made by an agent of the manufacturer, the burden is on the buyer to

establish the warranty or guarantee relied on and to show by competent evidence that the alleged agent of the manufacturer had the authority to make an oral warranty or guarantee which would be binding on his principal.

**3. Principal and Agent § 4— proof of agency**

The existence and extent of agency cannot be proved by the extra-judicial declarations of an alleged agent, but they must be established *aliunde*, by the agent's testimony or otherwise, before his admission will be received.

**4. Principal and Agent § 4— proof of agency — admission of extra-judicial declarations**

Even when the fact of agency is proved by evidence *aliunde*, extra-judicial declarations of the agent are not competent against the principal unless it is also made to appear by evidence *aliunde* that the declarations were within the actual or apparent scope of the agent's authority.

**5. Principal and Agent § 5— scope of agent's authority**

One who deals with an agent must, to protect himself, ascertain the extent of the agent's authority.

**6. Principal and Agent § 4— proof of agency and scope of authority to make oral warranty — nonsuit**

In an action to recover upon an oral warranty on a truck motor allegedly made by an agent of the defendant manufacturer, plaintiff's evidence consisted of defendant's answer which admitted the fact of agency but denied the existence of any warranty, oral or written, other than its standard written warranty and further denied authority in anyone to make an oral warranty. Testimony of plaintiff's witnesses attempting to show the existence of the oral warranty and the scope of the agent's authority by testifying as to the agent's out-of-court declarations was properly excluded. *Held:* In the absence of competent evidence to prove the oral warranty and the authority of the agent to make the oral warranty, defendant's motion for nonsuit is properly allowed.

APPEAL by plaintiff from *Peel, J.,* January 1968 Session, CRAVEN County Superior Court.

The plaintiff D. L. H., Inc., filed an original complaint 12 February 1965, an amended complaint 4 June 1965, and a second amended complaint 6 January 1966. The defendant Mack Trucks, Inc., (Mack) filed an answer 18 February 1966. The defendant Raleigh Mack Sales (Sales) filed no pleadings.

The second amended complaint alleged that the plaintiff desired to purchase a truck for use in its long hauling for hire business; that the defendants, through their respective agents, warranted and guaranteed to the plaintiff that a Mack truck with a 711 motor installed therein would perform perfectly and satisfactorily in all respects; that if the plaintiff would take a Mack truck with a 711

motor installed therein and if the motor was not satisfactory and did not perform satisfactorily in every respect, the defendants would take the motor out and install one in said truck which was satisfactory and which would do the work properly, without any cost to the plaintiff; that these warranties were made by both defendants through their respective authorized agents and representatives, who acted in the furtherance of the defendants' business and within the scope of their authority; that Gene McCarthy was the sales manager and agent of Sales; and that S. P. Birkitt was the agent and district representative of Mack. The second amended complaint further alleged that the motor was unsatisfactory in that it used excessive oil and would not pull in fifteenth or high gear; that plaintiff demanded that the defendants remove the motor and install a larger 250 Cummings motor; that the defendants worked on the truck from time to time, but the defects were not corrected; that between October 1962, when the truck was received, and April 1965 the plaintiff lost 23 weeks of use of the truck, resulting in $9,950 loss of use damages; and in April 1965 the plaintiff, at its own expense, had the motor removed and the larger 250 Cummings motor installed, at a cost of $4,250. The second amended complaint prayed to have and recover of the defendants $14,200.

The answer admitted that Birkitt was Mack's duly appointed and authorized agent. However, it denied any warranty, oral or written, other than its standard written warranty, and it denied authority in anyone to make an oral warranty or guarantee. It also denied that Sales was anything other than an independent distributor, which purchased the truck and motor in question from Mack and denied that McCarthy was ever an agent or employee of Mack.

At the close of the plaintiff's evidence, Mack's motion for nonsuit was sustained. The plaintiff appealed from the judgment of nonsuit and the dismissal of this action.

*Robert G. Bowers, Attorney for plaintiff appellant.*

*Ward & Tucker by J. E. Tucker, David L. Ward, Jr., and J. Troy Smith, Jr., Attorneys for defendant, Mack Trucks, Inc., appellee.*

CAMPBELL, J.

[1]    " 'On a motion for judgment of compulsory nonsuit, plaintiff's evidence is to be taken as true, and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence. Plaintiff's evidence must be considered in the

light of his allegations to the extent the evidence is supported by the allegations. . . .'" *Gibbs v. Light Co.*, 268 N.C. 186, 150 S.E. 2d 207.

[2]    Applying this rule to the facts in the instant case and assuming that the motor, as delivered, was unsatisfactory, there still remains the question of whether there was competent evidence of any warranty or guarantee, other than the standard written warranty, which would be binding on Mack. The burden was on the plaintiff to establish such a warranty or guarantee, and it was incumbent upon it to show by competent evidence that Birkitt was an agent of Mack and that Birkitt had the authority to make an oral warranty or guarantee which would be binding on his principal.

[3, 4]    The plaintiff undertook to do this by introducing in evidence the portion of the answer which admitted that Birkitt was the duly appointed and authorized agent of Mack in September 1962. The plaintiff then undertook to establish the oral warranty or guarantee and the authority of Birkitt by the testimony of its witnesses, Cleve and Howell, who attempted to testify as to the conversation which they had with Birkitt at the time the truck was purchased. However, the trial court correctly sustained objections to this testimony since the plaintiff could not establish the agent's authority against the principal through out-of-court statements made by the agent.

"The existence of the agency cannot be proved by the agent's statement out of court; it must be established *aliunde*, by the agent's testimony or otherwise, before his admission will be received. The same is true, it seems, as to the fact that he was acting in the course of his agency at the time in question." Stansbury, N. C. Evidence 2d, § 169.

> "Even when the fact of agency is proved by evidence aliunde the declarations of the alleged agent, the extrajudicial declarations of the agent are not competent against the principal unless it is also made to appear by evidence aliunde that the declarations were within the actual or apparent scope of the agent's authority. . . .
>
> . . .
>
> In the absence of proof of agency and that the act forming the basis of the action was within the scope of the agent's authority, evidence of acts, representations, or warranties made by the agent are incompetent as against the alleged principal." 6 Strong, N. C. Index 2d, Principal and Agent, § 4, p. 405.

In *Commercial Solvents v. Johnson,* 235 N.C. 237, 69 S.E. 2d
716, there was an analogous situation in that the agency was admit-
ted but its extent was controverted. In that case the defense was to
the failure to prove the scope and authority of the admitted agent.
The Court there stated:

> "Conceding, but not deciding, that the excluded testimony
> [which consisted of extra-judicial declarations and statements
> allegedly made by an agent] may have probative force as tend-
> ing to establish the facts alleged in the [complaint], neverthe-
> less it would seem that no sufficient foundation was laid to make
> the evidence admissible.

> While proof of agency, as well as its nature and extent, may
> be made by the direct testimony of the alleged agent . . .,
> nevertheless it is well established that, as against the principal,
> evidence of declarations or statements of an alleged agent made
> out of court is not admissible either to prove the fact of agency
> or its nature and extent. . . .

> And in applying this rule, ordinarily the extra-judicial state-
> ment or declaration of the alleged agent may not be given in
> evidence, unless (1) the fact of agency appears from other evi-
> dence, and also unless it be made to appear by other evidence
> that the making of said statement or declaration was (2) within
> the authority of the agent, or (3) as to persons dealing with the
> agent, within the apparent authority of the agent."

[4]    In the instant case the plaintiff, who did not offer Birkitt as
a witness, failed to make out a *prima facie* case against Mack. The
proffered evidence was properly excluded since the following was not
established: (a) that the excluded statements of Birkitt were made
within the actual scope of his authority or (b) that, as to the plain-
tiff, these statements were made within the scope of his apparent
authority. *Commercial Solvents v. Johnson, supra; Cordell v. Sand
Co.,* 247 N.C. 688, 102 S.E. 2d 138.

[5]    Plaintiff, who asked Birkitt how he had authority to guar-
antee the truck, falls under the rule that "(o)ne who deals with an
agent must, to protect himself, ascertain the extent of the agent's
authority." *Nationwide Homes v. Trust Co.,* 262 N.C. 79, 136 S.E.
2d 202.

"... (T)he party offering evidence of the alleged agent's ad-
mission must first prove the *fact and scope* of the agency of the
declarant for the adverse party. This he may of course do by the
testimony of the asserted agent himself, or by anyone who knows,

or by circumstantial evidence." (Emphasis added) McCormick on Evidence, § 244, p. 519.

[6] In the instant case, the fact of Birkitt's agency was proven by the admission in the answer, but the scope of this agency was not proven. The answer alleged that the truck was covered by a standard written warranty and that Birkitt had no authority to make any oral warranty or guarantee. Plaintiff failed to offer competent evidence of such authority or to prove any oral warranty or guarantee. Therefore, the trial court committed no error, in allowing the motion for judgment of nonsuit. The other questions presented need not be discussed.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.