Orr v. Orgo

---

EUGENE ORR AND BETHA LEE ORR RACKLEY v. ERNIE ORGO, GEORGE MAVRODE AND O & R ASSOCIATES, INC.

No. 7129DC718

(Filed 17 November 1971)

1. **Principal and Agent § 4— proof of agency — extra-judicial statements of alleged agent — admissibility**

    Extra-judicial statements of an alleged agent are not competent against the principal unless the fact of agency appears from other evidence, and also unless it appears from evidence that the statements were within the actual or apparent scope of the agent's authority.

2. **Principal and Agent § 4— proof of agency — statement that person was acting for "his company"**

    Statements by an alleged agent that a certain company was "his company" are inadmissible, standing alone, to establish his agency

on behalf of the company at the time when he made purchases of ivy and evergreens from the plaintiffs; consequently, the admission of the statements in evidence was reversible error.

**3. Appeal and Error § 57— nonjury trial — presumption that judge disregarded incompetent evidence**

The presumption that the judge in a nonjury trial disregarded incompetent evidence in making his decision does not obtain when the judge expressly states that he is considering evidence which later proves incompetent.

APPEAL by defendant O & R Associates, Inc. from *Carnes, District Judge,* 29 April 1971 Session of District Court held in TRANSYLVANIA County.

Defendant, O & R Associates, Inc., appeals from a judgment, entered by the court after trial without a jury, that plaintiff recover from O & R the sum of $2,147.40.

*Ramsey, Hill, Smart & Ramsey by John K. Smart, Jr., for plaintiff appellees.*

*Ramsey & White by William R. White for defendant appellant O & R Associates, Inc.*

GRAHAM, Judge.

Appellant assigns as error the admission in evidence of various extra-judicial statements purportedly made to plaintiffs by George Mavrode. Mavrode was named a party defendant but was not served with process and was not present at the trial.

The statements in question tended to show, among other things, that in October 1969 Mavrode asked plaintiffs to purchase ivy and evergreens for him and "his company." Plaintiffs performed as requested and this suit is to recover the commissions which Mavrode allegedly agreed to pay.

[1] Extra-judicial statements of an alleged agent are not competent against the principal unless the fact of agency appears from other evidence, and also unless it appears from other evidence that the statements were within the actual or apparent scope of the agent's authority. *Sealy v. Insurance Co.,* 253 N.C. 774, 117 S.E. 2d 744; *Commercial Solvents v. Johnson,* 235 N.C. 237, 69 S.E. 2d 716; *D.L.H., Inc. v. Mack Trucks, Inc.,* 3 N.C. App. 290, 164 S.E. 2d 532.

**[2]** The record in this case is devoid of any evidence, other than the purported statements of Mavrode, to show that appellant was "Mavrode's company" or that Mavrode was appellant's agent or employee at the time he made the statements in question. It was therefore error to admit in evidence against appellant plaintiffs' testimony as to the out of court statements made by Mavrode.

Plaintiffs testified that the ivy and evergreens which they purchased for Mavrode were shipped in trucks bearing the name of appellant. They argue that this fact alone establishes Mavrode as the apparent agent of appellant. We disagree. The shipments were made after plaintiffs had agreed to make purchases for Mavrode. There is no evidence that Mavrode was in possession of trucks bearing appellant's name at the time he contracted with plaintiffs, or that he possessed other indicia of agency at that time. Nor is there any evidence to suggest that plaintiffs were misled into thinking they were dealing with appellant. Plaintiff Orr testified that he knew Mavrode was in the general business of buying ivy and selling it to different people. It is clear that plaintiffs looked to Mavrode, and not to appellant, for the cash needed for the purchase of ivy. Orr testified: "I got the money to purchase the ivy from Western Union and part of the time George [Mavrode] would give us cash." Plaintiff Rackley recalled that the name of Ernie Orgo & Associates appeared on the money orders. When she needed money to pay for ivy she would attempt to contact Mavrode.

Plaintiffs offered no evidence as to the type of business appellant was engaged in. We think it significant that appellant's evidence, which is not contradicted, is that it is engaged in the business of renting trucks and that its only connection with Mavrode was that it rented him three trucks.

**[3]** In a non-jury trial, in the absence of words or conduct indicating otherwise, the presumption is that the judge disregarded incompetent evidence in making his decision. *Cogdill v. Highway Comm. and Westfeldt v. Highway Comm.,* 279 N.C. 313, 182 S.E. 2d 373; *City of Statesville v. Bowles,* 278 N.C. 497, 180 S.E. 2d 111. Here the trial judge expressly stated that he was considering evidence of Mavrode's statements against appellant, as well as against the other defendants. His findings of fact further indicate that he considered the incompetent evi-

dence in making his decision. Appellant is therefore entitled to a new trial.

New trial.

Chief Judge MALLARD and Judge HEDRICK concur.