TATE v. CHAMBERS

[94 N.C. App. 154 (1989)]

BENNY WADE TATE AND WIFE, CYNTHIA ALEXANDER TATE v. STANLEY
    CHAMBERS, D/B/A CHAMBERS HOME MOVERS, ARCHIE ROSS, AND
    CHARLES (BUTCH) BRIDGES

No. 8827SC957

(Filed 6 June 1989)

**Principal and Agent §§ 5, 6— damage to mobile home during move—
no agency by apparent authority, actual authority, or ratification**

> In an action to recover for damages to a mobile home
> sustained during its move by two of the defendants, the trial
> court properly entered summary judgment for defendant
> Chambers since the evidence was insufficient to show (1) agen-
> cy by apparent authority where plaintiff contracted with one
> defendant upon his assurances that he was experienced and
> had insurance and, prior to moving day, Chambers had never
> been mentioned by any of the parties; (2) agency by actual
> authority where Chambers testified that the defendants did
> not work for him, and statements by one defendant were not
> sufficient alone to establish agency; and (3) agency by ratifica-
> tion where there was no evidence that defendants promised
> to move the mobile home on behalf of Chambers, and there
> was therefore no question of ratification.

APPEAL by plaintiffs from *Gaines (Robert E.)* and *Ferrell (For-
rest A.), Judges.* Orders entered 24 October 1987 and 10 May 1988
and judgment entered on 23 May 1988 in Superior Court, GASTON
County. Heard in the Court of Appeals 11 April 1989.

*Kelso & Ferguson, by Lloyd T. Kelso, for plaintiffs-appellants.*

*Terry D. Horne for defendant-appellee Stanley Chambers, d/b/a
Chambers Home Movers.*

LEWIS, Judge.

On 24 June 1987, plaintiffs filed a complaint against Stanley
Chambers d/b/a Chambers Home Movers (Chambers), Archie Ross
(Ross), and Charles Bridges (Bridges). Chambers did not file a timely
answer or other responsive pleading, and the clerk ordered an
entry of default on 4 August 1987. Plaintiffs filed a motion for
default judgment that same day, and on 15 October 1987, Chambers
moved for a continuance of the scheduled hearing on the motion

TATE v. CHAMBERS

[94 N.C. App. 154 (1989)]

for default judgment. On 20 October 1987, Chambers moved to set aside the entry of default. On 24 October 1987, Judge Gaines signed an order setting aside the entry of default and allowing Chambers time to file responsive pleadings. On 27 April 1988, plaintiffs moved to amend their complaint to add a claim for unfair and deceptive trade practices under G.S. 75-1.1. Judge Ferrell denied this motion *nunc pro tunc* 10 May 1988. On 23 May 1988, Judge Ferrell granted Chambers' motion for summary judgment. Plaintiffs appeal.

In their brief, plaintiffs assign error to the order setting aside the entry of default. They also contend the trial court erred in denying their motion to amend their complaint. Plaintiffs have not excepted to either order. The scope of our review is limited to those exceptions set out in the record on appeal or in the transcript, if one is filed, and made the basis of an assignment of error. App. R. 10(a). We do not consider these assignments of error. We note, however, that we do not find an abuse of discretion in either order.

Plaintiffs have properly preserved for appeal their assignment of error to the granting of Chambers' motion for summary judgment. The evidence before the trial court showed that Chambers was in the business of moving mobile homes. On previous occasions, Chambers had hired Ross and Bridges to help him move mobile homes. The two men acquired their uniforms through Chambers. The uniforms had the name "Chambers Home Movers" on them. Chambers testified that the uniforms were not supposed to have the business name on them and that he had the names removed. Chambers provided Ross with a truck that had on it magnetic signs bearing the name "Chambers Mobile Home Movers." Before the events in question, Chambers had asked Ross to take the signs off the truck after Ross damaged two mobile homes. Chambers allowed Ross to retain possession of the truck and the signs because he was busy and assumed Ross, a friend, would take off the signs as requested.

Plaintiffs owned a 1980 American Heritage mobile home. Benny Wade Tate (Tate) testified the mobile home was in excellent condition when plaintiffs bought it on 23 December 1986. Plaintiffs wanted to move the mobile home from Brevard to Cherryville. Tate stated his primary concern in selecting a mover was that it be experienced, licensed and insured. Ross and Tate talked on 22 May 1987. Ross told Tate he moved mobile homes all the time

and that he was insured because insurance was required in the mobile home moving business. Tate testified he relied on Ross' representations and they agreed on a price and moving date. Ross told Tate he would check with his partner, whom he did not name, and make sure everything was all right; Ross did call later and confirm the details of the move.

When plaintiffs met them on the appointed day, both Ross and Bridges were wearing shirts with the name "Chambers Home Movers." The truck did not have signs on it at that time. It took more than one day to move the mobile home, and on the second day, the truck had the Chambers' magnetic signs on it. On that same day, Tate heard Ross tell a North Carolina Department of Transportation official that Chambers Home Movers was Ross' business. The mobile home allegedly sustained damage during the move. Ross told Tate that he would not turn in an insurance claim for the damage. Ross also told Tate he worked for Chambers.

Plaintiffs contend summary judgment for Chambers was error because the evidence raises a genuine issue of material fact as to whether Ross and Bridges were Chambers' agents when they moved plaintiffs' mobile home.

> A principal is liable upon a contract duly made by his agent with a third person (1) when the agent acts within the scope of his actual authority; (2) when the contract, although unauthorized, has been ratified; (3) when the agent acts within the scope of his apparent authority, unless the third person has notice that the agent is exceeding his actual authority.

*Investment Properties v. Allen*, 283 N.C. 277, 285-86, 196 S.E. 2d 262, 267 (1973). Plaintiffs contend the evidence supports each type of agency. We disagree.

Plaintiffs have not shown Ross and Bridges' apparent authority to act for Chambers in moving the mobile home. Plaintiffs' own evidence shows Tate contracted with Ross upon Ross' assurances that he was experienced and had insurance. Prior to moving day, Chambers had never been mentioned by any of the parties. In *Investment Properties v. Allen, supra*, the plaintiffs relied upon a brother's assurances that he would pay for improvements to property owned by his sister if the sister would not execute a new contract. Our Supreme Court held that the plaintiffs could not require the sister to pay for the improvements.

## TATE v. CHAMBERS

[94 N.C. App. 154 (1989)]

When a party contracts with a known agent personally on his own credit alone, he will not be allowed afterwards to charge the principal. Having dealt with the agent as a principal he cannot set up an agent's apparent authority, on which he did not rely, so as to establish rights against a principal.

*Id.* at 288, 196 S.E. at 269. In this case, the evidence showed that Ross and Bridges wore Chambers' uniforms and had Chambers' signs on the truck. There was also evidence that Ross told a transportation official that Chambers Home Movers was his business. After the move was completed and Ross refused to pay for the damage, Ross told Tate that he worked for Chambers. However, the evidence is not sufficient to show agency by apparent authority. Plaintiffs contracted with Ross upon Ross' own qualifications, and they may not now hold Chambers liable under the contract with Ross.

Likewise, there is no competent evidence that Ross and Bridges had actual authority to act for Chambers. Chambers testified that both men had worked for him in the past but that they were not working for him on this job. Ross' statement to the transportation official that the business was his and his statement to Tate after the move that he worked for Chambers are not sufficient alone to establish agency. "Extra-judicial statements of an alleged agent are not competent against the principal unless the fact of agency appears from other evidence, and also unless it appears from other evidence that the statements were within the actual or apparent scope of the agent's authority." *Orr v. Orgo*, 12 N.C. App. 679, 680, 184 S.E. 2d 369, 369 (1971). As discussed above there is no other competent evidence of agency. Plaintiffs have not presented evidence of actual authority.

Finally, plaintiffs have not shown agency by ratification. There is no evidence to establish that Ross and Bridges promised to move the mobile home on behalf of Chambers. Therefore there is no question of ratification since " 'ratification is not possible unless the person making the contract, in doing so, purported to act as the agent of the person . . . claimed to be the principal.' " *Investment Properties v. Allen*, 283 N.C. at 288, 196 S.E. 2d at 269, *quoting Patterson v. Lynch, Inc.*, 266 N.C. 489, 492-93, 146 S.E. 2d 390, 393 (1966) (citations omitted).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c).

> A defending party may show as a matter of law that he is entitled to summary judgment in his favor by showing there is no genuine issue of material fact concerning an essential element of the claimant's claim for relief and that the claimant cannot prove the existence of that element.

*Best v. Perry*, 41 N.C. App. 107, 109, 254 S.E. 2d 281, 283 (1979). Plaintiffs have not shown that Ross and Bridges acted as agents for Chambers in any capacity. Summary judgment for Chambers is affirmed.

Affirmed.

Judges ARNOLD and GREENE concur.