Ruffin, C. J.
 

 The Court is' of opinion, that the evidence was admissible. It was relevant to the issue, as an
 
 *382
 
 agreement to pay part of a debt affords some presumption, that the party had not before paid it in full; and it was for the jury to judge of the force of the presumption, according to the situation of the parties, the evidence of actual payment, and the circumstances attending the execution of the agreement. The objections taken to its reception, at the trial, are entirely insufficient. It was very proper to discharge the rule for judgment, which the plaintiff had obtained, because the Court could not enforce the agreement in that way, against the will of the defendant. But that was not
 
 res judicata,
 
 that the agreement was not the deed of the defendant, or not duly executed. Indeed the ground for refusing the summary redress may have been, and probably was, that the Court ought not to determine those questions of fact, but leáve the parties to a remedy, in which issues on them could le taken to the country.
 

 We are somewhat at a loss to understand the second objection, in reference to a supposed collateral issue upon the mode of obtaining the agreement. We take if for granted, that the Court did not reject the agreement upon evidence that it was not fairly obtained; because that assumes, that its execution was proved and that it was impeached by other evidence ; in which case the question was for the jury exclusively, as in every case, which involves the validity of an instrument, whether it be a deed on
 
 non est factum
 
 pleaded, or an acquittance offered as evidence in support of the plea of payment. We suppose, therefore, that the defendant founded his objection on his allegation, that a fraud had been practised on him in getting the instrument, and that the Court thought it best to exclude the agreement, because, if admitted, it would give rise to a controversy, or a collateral issue as it was called, on the truth of that allegation. But that is manifestly no reason for not receiving the paper, since that controversy arises in every case of a receipt offered or an ac
 
 *383
 
 knowledgment of indebtedness, as the party offering them must prove them in the first instance, and it is, of course, open to the other party to offer opposing evidence, and the jury must decide, under the direction of the Court, upon matters of law, upon the fact and sufficiency of the agreement.
 

 There is as little in the third objection. For there is nothing inconsistent in having two securities for the same debt; and when one is given long after the other, it is evidence to a jury, that the debt was not paid before it was given, and that the first security is still subsisting.
 

 The counsel for the defendant in this Court, indeed, yielded those objections, and took another: that the agreement was one of compromise, and therefore was not admissible. But we find no such rule of evidence. It is true, that an offer to do something by way of compromise is not evidence to charge the party on the original cause of action ; for it is but a proposal of a peace offering, which was not accepted, and therefore ought not to bind or in any degree prejudice the proposer. But when the parties admit distinctly certain facts to be true, or where, instead of an unaccepted offer of compromise, there be an express and final agreement upon the matter, thei’e is no reason, why either party should not be at liberty to in* sist on such admission or agreement, whenever it may serve his interest, as on any other admissions or agree* ments. The argument, which would exclude it as evidence here, would equally affect it in an action on the agreement; and yet it is one of the considerations of agreements most favored in law, that it was the compromise of doubtful rights. A concluded agreement of compromise must, in its nature, be as obligatory, in all respects, as any other, and either party may use it, whenever its stipulations or statements of fact become material evidence for him. Such seems to us to be the good sense which should determine the rule on this subject 5 and we
 
 *384
 
 are happy to find that it was so held in a modern case in the Court of Exchequer in England.
 
 Froysell
 
 v.
 
 Llewellyn,
 
 9 Price 122.
 

 Per Curiam. Judgment reversed and
 
 venire de
 
 novo.