RUTH SNYDER v. KENAN OIL COMPANY, THEODORE R. KEEN AND MARY P. DIXON.

(Filed 1 February, 1952.)

**1. Compromise and Settlement § 2—**

> A completed settlement of a claim arising out of a collision bars either party from thereafter asserting any liability against the other arising out of any negligence proximately causing the collision.

**2. Automobiles § 21: Torts § 6: Pleadings § 31—**

> In an automobile guest's action against the driver and owner of the truck involved in a collision with the car, defendants had the driver of the car joined for the purpose of enforcing contribution, G.S. 1-240. *Held:* The driver of the car is entitled to set up a previous settlement of her claim against the truck owner and driver as a bar, but is not entitled to set up settlement of the claims of her children, also passengers in the car, arising out of the collision, and motion to strike should be ruled upon accordingly.

APPEAL by original defendants from *Williams, J.,* September Term, 1951, ALAMANCE.

Civil action in tort to recover compensation for personal injuries sustained in an automobile-truck collision, heard on motion to strike allegations contained in the answer of defendant Mary P. Dixon, additional party defendant.

Plaintiff was a passenger on an automobile operated by defendant Dixon. The automobile collided with a truck owned by the corporate defendant and being operated at the time by defendant Keen. The original defendants filed an answer in which they allege negligence on the part of the defendant Dixon. On the allegations thus made, they moved the court that she be made a party defendant as joint tort-feasor for the purpose of enforcing contribution as provided by G.S. 1-240. Defendant Dixon was duly made a party defendant and filed her answer in which she admits the collision between her automobile and the truck of corporate defendant and alleges (1) the negligence of the driver of the truck as the proximate cause of the collision; (2) the resulting injuries sustained by her and the passengers on her automobile and damages to the automobile; (3) settlement by the corporate defendant with her and her

husband for personal injuries and property damages to the automobile and also settlement for personal injuries inflicted upon her two minor children who were passengers on said automobile at the time of the collision. She specifically pleads "such settlements and payments in bar of the right of the defendant, Kenan Oil Company, to recover against this defendant by contribution or otherwise by cross-action herein."

The original defendants appeared and moved to strike paragraphs 2 and 4 of the cross answer which contains said allegations in reference to said settlements. The motion was denied and defendants appealed.

*Long & Long for appellants, Kenan Oil Company and Theodore R. Keen.*

*Carroll & Pickard for appellee, Mary P. Dixon.*

BARNHILL, J. The settlement by the corporate defendant of the claim of defendant Dixon against it for personal injuries and property damages resulting from the collision of the truck being operated by Keen, the agent and employee of the oil company, and the automobile being operated by defendant Dixon, as effectually adjusted and settled all matters which arose or might arise out of said collision, as between the oil company and Dixon, as would a judgment duly entered in an action between said parties. By said compromise settlement each party bought his peace respecting any liability created by the collision. The adjustment of said claim by the payment of the amount agreed constituted an acknowledgment, as between the parties, of the liability of the oil company, and the nonliability, or at least a waiver of the liability, of the defendant Dixon.

Neither party thereafter had any right to pursue the other in respect to any liability arising out of any alleged negligence proximately causing the collision which is the subject matter of this suit.

"A concluded agreement of compromise must, in its nature, be as obligatory, in all respects, as any other, and either party may use it whenever its stipulations or statements of fact become material evidence for him." *Sutton v. Robeson,* 31 N.C. 380; *Peyton v. Shoe Co.,* 167 N.C. 280, 83 S.E. 487; *Armstrong v. Polakavetz,* 191 N.C. 731; *Bohannon v. Trotman,* 214 N.C. 706. "Accord is a satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon the same account." *Hinson v. Davis,* 220 N.C. 380, 17 S.E. 2d 348.

*Herring v. Coach Co.,* 234 N.C. 51, is, by analogy, in point and is controlling here. There the settlement was effected by a consent judgment entered in a suit pending, but the principle is the same.

But settlement with other passengers on the automobile was in no sense an acknowledgment of the nonliability of Dixon as a joint tort-

feasor. While the passengers, by making settlement with one joint tort-feasor, waived any right they might have possessed to seek compensation from the other, *King v. Powell*, 220 N.C. 511, 17 S.E. 2d 659; *Holland v. Utilities Co.*, 208 N.C. 289, 180 S.E. 592, the tort-feasor making settlement with them waived no right it possessed to assert its claim to contribution against the other alleged joint tort-feasor in an action by a passenger with whom no settlement has been made.

It follows that the court erred in denying the motion in respect to allegations of settlement with passengers on the automobile. All reference to any adjustment of any claim other than that of the operator and owner of the automobile should be stricken as requested by the original defendants. The judgment entered must be so modified.

Modified and affirmed.