### R. E. HOUGHTON v. H. V. HARRIS.

(Filed 9 November, 1955.)

**1. Judgments § 19—**

Where the judge acquires jurisdiction at term, he has jurisdiction to sign judgment out of term and out of the county by consent of the parties.

**2. Abatement and Revival § 6½—**

Whenever the existence of a prior action between the same parties involving the same subject matter is brought to the attention of the court by answer or other proper plea, the court must dismiss the second action and relegate the plaintiff therein to his right to plead a cross action or counterclaim in the former action; nevertheless the matter is not jurisdictional, but is merely procedural and designed to prevent a multiplicity of actions.

**3. Judgments § 32—**

Where a second action between the same parties involving the same subject matter is prosecuted to final judgment before the first cause is heard, the judgment in the second action is valid and binding on the parties and estops the parties and their privies not only as to the issues arising on the pleadings, but also as to all relevant and material matters within the scope of the pleadings which the parties in the exercise of reasonable diligence could and should have brought forward, and constitutes a bar to the further prosecution of the action first instituted.

**4. Judgments § 1—**

A consent judgment is a contract between the parties.

**5. Judgments § 33b: Compromise and Settlement § 2—Compromise in action by one driver against the other precludes recovery by such other in separate action.**

The driver of one car involved in a collision instituted suit against the other. Shortly thereafter the driver of the other car instituted suit against the driver of the first car, based on the same collision. A consent judgment was entered in the second suit, and on the same day the plaintiff therein executed for a consideration a release of the defendant therein for all damages arising to the plaintiff therein as a result of the collision. *Held:* The adjustment of the claim by the payment of the amount agreed constituted an acknowledgment, as between the parties, of the liability of the defendant therein and the nonliability of plaintiff therein, or at least a waiver of his liability, and neither party thereafter has any right to pursue the other in respect to any liability arising out of the collision. Therefore, in the action first instituted, judgment on the pleadings disclosing the consent judgment and the execution of the release was properly entered.

**6. Compromise and Settlement § 2—**

A concluded agreement of compromise must in its nature be as obligatory in all respects as any other, and either party may use it whenever its stipulations or statements of fact become material evidence for him.

APPEAL by plaintiff from *Frizzelle, J.,* March Term, 1955, NEW HANOVER. Affirmed.

Civil action to recover compensation for personal injuries and property damage resulting from collision of two automobiles.

On 5 August 1950, at about 8:00 p.m., an automobile being operated by plaintiff and an automobile being operated by defendant were involved in a head-on collision on Highway 74-76. Both automobiles were damaged, and both plaintiff and defendant suffered personal injuries.

On 15 January 1951, plaintiff instituted this action in the New Hanover Superior Court to recover compensation for personal injuries and property damage sustained as a result of said collision. Five days thereafter, on 20 January 1951, defendant in this cause instituted an action against plaintiff herein in the New Hanover Superior Court to

recover compensation for personal injuries and property damage which he sustained as a result of the collision.

On 22 February 1951, a consent judgment was entered in the second action entitled *Harris v. Houghton* in which it is provided that "all matters and things in controversy between the parties arising out of the allegations contained in the Complaint in this cause, and as set forth in the Complaint in this cause, have been compromised, settled, adjusted and disposed of." On the same day plaintiff Harris executed two releases in which it is recited: "WHEREAS, the undersigned sustained personal injuries and property damages on or about the Fifth day of August, 1950, at or near U. S. Highway 74-76 near Delco, N. C., under circumstances claimed to render Roscoe E. Houghton liable to damage; and whereas said Roscoe E. Houghton denies liability therefor, and whereas, both parties desire to compromise and have agreed to adjust and settle the matter for the sum of Six thousand and seven hundred and fifty and no/100 DOLLARS," in consideration of which Harris forever released and discharged Houghton "from any and all actions, causes of action, claims and demands accrued or to accrue for, upon or by reason of any damage, loss or injury to person or property, or both, and of whatsoever character, which heretofore has been or which hereafter may be sustained, whether or not such injury or loss now exists or is known or unknown, permanent or progressive, anticipated or unanticipated, or recovery therefrom uncertain and indefinite, including all loss for services, resulting or to result directly or indirectly, and of and from any and all claims and demands whatsoever in law or in equity, which I, my heirs, executors, administrators or assigns can, shall or may have by reason of any matter, or cause or thing done, omitted, or suffered to be done by the said Roscoe E. Houghton, his agents or employees, prior to the date hereof."

Thereafter, the defendant herein filed an answer herein in which he pleads the consent judgment entered in *Harris v. Houghton* and the releases as *res judicata*.

Thereupon, plaintiff filed a reply in which he alleges that in executing the consent judgment he was merely buying his peace and moved to strike from the answer all reference thereto; and the defendant moved for judgment on the pleadings.

The cause coming on to be heard on said motions before Frizzelle, J., at the March Term, 1955, New Hanover Superior Court, it was agreed that the judge should take the cause under advisement and sign judgment out of term and out of the county. On 29 June 1955 the judge signed judgment in which he denied plaintiff's motion to strike and rendered judgment on the pleadings in favor of the defendant on the grounds that the consent judgment duly entered in the cause entitled

*Harris v. Houghton* is *res judicata,* and that the subject matter involved in said suit cannot again be litigated. Plaintiff excepted and appealed.

*I. C. Wright and Stevens and Burgwin & McGhee for plaintiff appellant.*

*Robert D. Cronly and Varser, McIntyre & Henry for defendant appellee.*

BARNHILL, C. J. The judgment signed by Frizzelle, J., is not void for want of jurisdiction. He acquired jurisdiction at term and signed the final judgment out of term and out of the county by consent of the parties. *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 237; *Killian v. Chair Co.,* 202 N.C. 23, 161 S.E. 546; *Strickland v. Kornegay,* 240 N.C. 758, 83 S.E. 2d 903.

The rule that a second action involving the same subject matter as one theretofore duly instituted will be dismissed whenever the existence of the former action is called to the attention of the court by answer or other proper plea is not jurisdictional. It is merely procedural, and is designed to prevent a multiplicity of actions. Whenever the existence of the former action is called to the attention of the court, he must dismiss the second action and relegate the plaintiff therein to his right to plead a cross action or counterclaim in the former action. When, however, the second action is prosecuted to final judgment before the first cause is heard, the judgment entered is valid and binding on the parties. It estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings which the parties in the exercise of reasonable diligence could and should have brought forward. *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822; *Cleve v. Adams,* 222 N.C. 211, 22 S.E. 2d 567; *Herring v. Coach Co.,* 234 N.C. 51, 65 S.E. 2d 505; *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; Anno. 2 A.L.R. 2d 511.

There is a further reason why the judgment entered in the court below must be affirmed. The judgment entered in the case entitled *Harris v. Houghton* was entered by consent, and a consent judgment is a contract between the parties. By said compromise settlement, each party bought his peace respecting any liability created by the collision. The adjustment of said claim by the payment of the amount agreed constituted an acknowledgment, as between the parties, of the liability of Houghton and the nonliability of Harris, or at least a waiver of his liability. Neither party thereafter had any right to pursue the other in respect to any liability arising out of any alleged negligence proximately causing the collision which is the subject matter of the suit. *Snyder v. Oil Co., supra.*

A concluded agreement of compromise must in its nature be as obligatory in all respects as any other, and either party may use it whenever its stipulations or statements of fact become material evidence for him. *Sutton v. Robeson,* 31 N.C. 380; *Snyder v. Oil Co., supra; Herring v. Coach Co., supra.* See also *Jenkins v. Fields,* 240 N.C. 776, 83 S.E. 2d 908; *Coach Co. v. Stone,* 235 N.C. 619, 70 S.E. 2d 673; *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909.

"It is to be noted that the phase of the doctrine of *res judicata* which precludes relitigation of the same cause of action is broader in its application than a mere determination of the questions involved in the prior action. The bar of the judgment in such cases extends not only to matters actually determined but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action. *Bruton v. Light Co., supra.*" *Gaither Corp. v. Skinner, supra.*

The pleaded judgment is regular upon its face. It was rendered by a court of competent jurisdiction in a case in which this plaintiff was the defendant, and want of jurisdiction of the person is not suggested. So long as it remains of record, it constitutes a complete bar to plaintiff's right to recover in this cause. *Coach Co. v. Stone, supra,* and cases cited.

For the reasons stated the judgment entered in the court below is

Affirmed.