J. ARCHIE CANNON, JR., TRUSTEE FOR MILLER MOTOR LINE OF NORTH CAROLINA, INC., v. H. BRYCE PARKER, ADMINISTRATOR OF THE ESTATE OF ANNIE J. YOUNG, DECEASED, AND CLAUDIE BLACK, ADMINISTRATRIX OF THE ESTATE OF EDGAR McLEE BLACK, DECEASED.

(Filed 10 December, 1958.)

**1. Pleadings §15:    Trial § 21—**

A demurrer to the complaint, G.S. 1-127, and a demurrer to the evidence, G.S. 1-183, are different in purpose and result; the one challenges the sufficiency of the pleading, the other the sufficiency of the evidence, and the words *ore tenus* have no significance in relation to a demurrer to the evidence or motion to nonsuit.

**2. Compromise and Settlement— Settlement between parties of liabilities arising out of collision precludes subsequent action between the parties in regard thereto.**

Where the evidence discloses that the corporate plaintiff and the driver of its tractor-trailer had paid to the administrator of the passenger-owner of a car, killed in a collision with the tractor-trailer, a sum of money in full settlement of any and all actions or causes of action arising out of the accident, the evidence justifies nonsuit in the corporation's subsequent action against the administrator of the owner-passenger to recover damages sustained by the tractor-trailer in the collision, there being no evidence to sustain the allegations of the corporate plaintiff in its reply that the settlement was obtained by an insurance adjuster without the knowledge or consent and in direct conflict with the instructions of the corporation.

PARKER, J., not sitting.

APPEAL by plaintiff from *Phillips, J.,* February 24, 1958, Civil Term, Greensboro Division of GUILFORD.

Civil action instituted March 28, 1957, growing out of a collision on December 15, 1956, between a tractor-trailer owned by Miller Motor Line of North Carolina, Inc., operated by Robert Richard Cothran, and an Oldsmobile sedan.

Plaintiff alleged that he was appointed trustee of Miller Motor Line of North Carolina, Inc., on March 4, 1955, and since then has conducted its business and affairs under orders of the United States Court for the Middle District of North Carolina.

Plaintiff alleged further that, at the time of the collision, Edgar McLee Black was operating the Oldsmobile sedan and Annie J. Young, the owner, was riding in the front seat; that the collision was caused

by the negligence of Edgar McLee Black and Annie J. Young; and that the collision caused damages to the tractor-trailer for which plaintiff was entitled to recover $3,500.00 from the Black and Young estates.

No answer was filed by the administratrix of the Black estate.

The administrator of the Young estate, answering, denied the material allegations of the complaint; and, in further answer, pleaded in bar of plaintiff's right to recover (1) the negligence of Cothran, and (2) that *plaintiff*, prior to filing complaint herein, had paid to the Young estate "a sum certain in money . . . as a full and final settlement of any and all actions or causes of action arising out of the accident now in controversy . . ."

Plaintiff, in reply, denied negligence on the part of Cothran and denied that *he* had made any settlement with the Young estate. In substance, plaintiff alleged: He was first informed of the alleged settlement by the allegations of said answer. His investigation disclosed that Carolina Casualty Insurance Company, his liability insurance carrier, through its agent, had paid a sum of money to the administrator of the Young estate for which said administrator had executed a release as per copy (Exhibit A) attached to reply. On or about January 1, 1957, a representative of said insurance company, a representative of Miller Motor Line of North Carolina, Inc., and plaintiff, after a conference with reference to the facts and circumstances of the collision, had unanimously agreed that "there was no liability on the part of Miller Motor Line of North Carolina, Inc., or its driver, and that no action should be taken under the policy," a copy of which (Exhibit B) was attached to reply. Notwithstanding, an agent of said insurance company, acting on his own initiative, outside the scope of his authority, express or implied, without the consent or approval and against the specific instructions of the plaintiff, made the payment and obtained a release signed by the administrator of the Young estate. The said insurance company had no authority to surrender plaintiff's affirmative causes of action; and plaintiff "at no time, agreed to, approved or consented to the payments made by the Insurance Company" or the release thereby secured.

When the case came on for trial, a jury was empaneled and the pleadings were read. The agreed case on appeal, under the caption "PLAINTIFF'S EVIDENCE," states:

"Plaintiff's evidence consisted of introduction of Release, set out above as Exhibit A, and of the Insurance Policy, set out above as Exhibit B.

"Whereupon the defendant demurred *ore tenus* to plaintiff's evidence. The Court ruled that the demurrer was well taken and sustained the demurrer, THE COURT stating: 'The Court finds as a

matter of law that said release is a bar to any action by the plaintiff in this cause.' "

In accordance with said ruling the court entered judgment dismissing the action and taxing plaintiff with the costs. Plaintiff excepted and appealed, assigning as error (1) the said ruling and (2) the said judgment.

*Frazier & Frazier for plaintiff, appellant.*
*James J. Booker for defendant, appellee.*

BOBBITT, J.  Parker, Administrator, answered. He did not demur to the complaint either in writing or *ore tenus*. He demurred to the evidence. "A demurrer to a complaint, G.S. 1-127, and a demurrer to the evidence, G.S. 1-183, are different in purpose and result. One challenges the sufficiency of the pleadings, the other the sufficiency of the evidence." *Lewis v. Shaver,* 236 N.C. 510, 512, 73 S.E. 2d 320; *Gantt v. Hobson,* 240 N.C. 426, 431, 82 S.E. 2d 384. The words *"ore tenus"* have no significance in relation to a demurrer to the evidence, i.e., a motion for judgment of nonsuit, under G.S. 1-183.

Copies of Exhibits A and B were attached to the reply. Yet nothing appears in the record to indicate that the demurrer *ore tenus* was directed to the reply or that defendant moved for judgment on the pleadings. The record is explicit that the court's ruling was on defendant's demurrer *to the evidence.*

By the terms of the release (Exhibit A), Parker, Administrator, for and in consideration of $900.00 to him paid by Robert R. Cothran and Miller Motor Line of N. C., Inc., fully released and discharged them from liability on account of the collision referred to in the pleadings, particularly on account of the death of Annie J. Young as a result thereof. A further provision set forth an agreement that the payment of the $900.00 should not be construed as an admission on the part of Robert R. Cothran and Miller Motor Line of N. C., Inc., of any liability whatsoever in consequence of said injuries and accident.

We are confronted by the fact that the release shows on its face that Robert R. Cothran and Miller Motor Line of N. C., Inc., paid the release consideration of $900.00 to Parker, Administrator, and obtained the release. Nothing else appearing, plaintiff's action is barred. *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805, and cases cited; *Houghton v. Harris,* 243 N.C. 92, 89 S.E. 2d 860.

In *Snyder v. Oil Co., supra,* on motion of the original defendants (Kenan Oil Company and Keen, its driver), Dixon was made a party defendant as an alleged joint tort-feasor for the purpose of enforcing contribution as provided by G.S. 1-240. Answering the allegations of the original defendants, Dixon pleaded, *inter alia,* that Kenan Oil Company had settled her claim against it for damages caused by

the collision. It was held that the motion by the original defendants to strike Dixon's allegations as to such settlement was properly denied.

In opinion by *Barnhill, J.* (later C. J.), the Court said:

"The settlement by the corporate defendant of the claim of defendant Dixon against it for personal injuries and property damages resulting from the collision of the truck being operated by Keen, the agent and employee of the oil company, and the automobile being operated by defendant Dixon, as effectually adjusted and settled all matters which arose or might arise out of said collision, as between the oil company and Dixon, as would a judgment duly entered in an action between said parties. By said compromise settlement each party bought his peace respecting any liability created by the collision. The adjustment of said claim by the payment of the amount agreed constituted an acknowledgment, as between the parties, of the liability of the oil company, and the nonliability, or at least a waiver of the liability, of the defendant Dixon."

According to the evidence, Robert R. Cothran and Miller Motor Line of N. C., Inc., discharged their liability (whether admitted or controverted) to Parker, Administrator, on account of said collision, by their payment to him of $900.00 for a full release. They thereby released whatever rights they may have had to recover from Parker, Administrator, on allegations that the collision was caused by the negligence of Annie J. Young. The payment and release extinguished the liabilities of the parties thereto, *inter se,* on account of said collision. Nothing appears to dispel the clear implication that the parties, in reaching said compromise settlement, took into consideration their conflicting contentions as to the cause(s) of the collision.

We do not reach the question as to whether the facts alleged in the reply, if true, are sufficient to exempt plaintiff from the legal consequences which flow, nothing else appearing, from the release offered in evidence by plaintiff. Suffice to say, plaintiff offered no evidence to support the allegations in the reply relating to said release.

The judgment, according to the record, must be considered solely as a judgment of nonsuit under G.S. 1-183. So considered, it must be affirmed.

Affirmed.

Parker, J., not sitting.