THE STATE OF NORTH CAROLINA, THE CHILD DAY-CARE LICENSING COMMISSION OF THE DEPARTMENT OF ADMINISTRATION AND JOSEPH W. GRIMSLEY, SECRETARY OF THE DEPARTMENT OF ADMINISTRATION, EX REL., RUFUS L. EDMISTEN, ATTORNEY GENERAL OF NORTH CAROLINA v. FAYETTEVILLE STREET CHRISTIAN SCHOOL AND ITS OPERATOR MR. BRUCE D. PHIPPS; GOSPEL LIGHT CHRISTIAN SCHOOL AND ITS OPERATOR MRS. DELORIES B. YOKELY; GRACE CHRISTIAN SCHOOL AND ITS OPERATOR MR. EARL R. EATON; IMMANUEL DAY CARE CENTER AND ITS OPERATOR MRS. ELIZABETH HARRELL; BAPTIST TEMPLE SCHOOL AND ITS OPERATOR MR. DONALD R. CARTER; GRACE CHRISTIAN SCHOOL AND ITS OPERATOR MR. ROBERT DURHAM; BETHANY CHURCH SCHOOL AND ITS OPERATOR REVEREND GENE WOODALL; TABERNACLE CHRISTIAN SCHOOL DAY CARE AND ITS OPERATOR MR. RANDALL SHOOK; SOUTH PARK BAPTIST SCHOOL AND ITS OPERATOR MR. DANIEL D. CARR; GOSPEL LIGHT BAPTIST CHURCH AND ITS OPERATOR REVEREND GARY BLACKBURN; FRIENDSHIP CHRISTIAN SCHOOLS AND ITS OPERATOR MR. CHARLES STANLEY; AND ALL OTHERS SIMILARLY SITUATED

No. 138

(Filed 8 April 1980)

1. Appeal and Error § 6.2— preliminary injunction—nonappealable interlocutory order

The Supreme Court adheres to its prior decision in this case, *State v. School*, 299 N.C. 351, holding that a preliminary injunction restraining defendants from operating day-care centers without complying with the licensing requirements of the Day-Care Facilities Act of 1977 constituted a nonappealable interlocutory order.

2. Appeal and Error § 9— compliance with preliminary injunction—constitutional questions not moot

Defendants' compliance with a preliminary injunction requiring them to comply with the licensing requirements of the Day-Care Facilities Act of 1977 until a final determination can be made on fully developed facts of the ultimate

question as to whether the Act can be constitutionally applied to church-operated day-care facilities does not moot the issues raised by defendants' alleged constitutional defenses to the State's action for a declaratory judgment and permanent injunction.

ON defendants' petition to rehear our decision, No. 125 Fall Term, 1979, filed 1 February 1980 and reported at 299 N.C. 351, 261 S.E. 2d 908.

*Rufus L. Edmisten, Attorney General, by Andrew A. Vanore, Jr., Senior Deputy Attorney General, and Ann Reed, Special Deputy Attorney General, for the State.*

*Strickland & Fuller, by Thomas E. Strickland, and Lake & Nelson, P.A., by I. Beverly Lake, Jr., and I. Beverly Lake, for defendant-appellants.*

PER CURIAM.

On 20 February 1980 we allowed defendants' petition for rehearing pursuant to App. Rule 31 to the extent of permitting both sides to file briefs on the questions: (1) whether the trial court's order granting plaintiffs' motion for a preliminary injunction was immediately appealable and (2) whether defendants' compliance with the injunction moots the issues raised by defendants' alleged constitutional defenses. We did not order that further arguments be held. We withheld certification of the opinion and reinstated our writ of supersedeas pending further consideration of the cause.

Having further considered the parties' briefs on the questions delineated, we are of the opinion and hold: (1) the preliminary injunction issued by the trial court was not immediately appealable and (2) defendants' compliance with the preliminary injunction does not moot the issues raised by defendants' alleged constitutional defenses.

[1] We adhere to the reasoning and authority in our former opinion by which we determined that the preliminary injunction was not immediately appealable. Contrary to defendants' assertion in their new brief, this preliminary injunction does maintain the status quo as it existed before defendants' asserted their right to operate without state licenses and refused to obtain licenses. This assertion and refusal precipitated the state's action. The

State v. School

preliminary injunction serves to place the parties in the position they were before the dispute between them arose. Thus, it maintains the last peaceable status quo between the parties just as did the preliminary injunction issued in *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975), relied on in our former opinion.

[2] We did not address in our former opinion the mootness question. Clearly defendants' compliance with the preliminary injunction does not moot the issues raised by defendants' assertions of constitutional defenses to the state's action. The preliminary injunction requires defendants to comply with the statutory licensing requirements until a final determination can be made on fully developed facts of the ultimate question in the case, *i.e.*, whether the licensing statutes can be constitutionally applied to these defendants. Until such a determination is made the statutes, conceded to be facially valid, are presumably applicable to defendants and defendants must perforce comply with them.

Furthermore the state is seeking declaratory as well as injunctive relief, both preliminary and permanent. To require defendants, preliminarily and pending final judgment, to obtain licenses does not mean defendants cannot continue to assert and attempt to prove that the licensing statutes do infringe upon the free exercise of their religion. If they succeed, and if the state cannot then show a compelling state interest justifying the infringement, defendants will be entitled to a final declaratory judgment in their favor and dissolution of the preliminary injunction. The result will be that defendants will thereafter be free to operate their day-care centers without state licenses. If, of course, defendants fail in their initial burden, or succeeding in it, the state demonstrates a compelling state interest justifying the licensing scheme, the state will be entitled to a final declaratory judgment and a permanent injunction in its favor. *See Sherbert v. Verner*, 374 U.S. 398, 406-07 (1963); *see generally*, Tribe, *American Constitutional Law* § 14-10 (1978).

Defendants argue that they might prefer to close their schools rather than comply with the preliminary injunction. Such action would moot the case for it would amount to defendants' surrender of their legal position and an end to the controversy. There would be nothing left to adjudicate. Defendants may choose this course. The preliminary injunction does not require them to

do so. There is, as we have noted, much at stake in the cause between the parties even after defendants comply with the preliminary injunction.

The former opinion and decision of the Court remains the Court's opinion and decision. It shall be certified with this *per curiam* opinion. The decision of the Court of Appeals, consequently, is vacated and the writ of supersedeas issued by this Court is hereby dissolved. The case is remanded to the Court of Appeals to be further remanded to the superior court for further proceedings.

Vacated and remanded.