BOLTON CORPORATION v. T. A. LOVING COMPANY

No. 715PA85

(Filed 12 August 1986)

**Compromise and Settlement § 1.1— construction dispute—partial settlement by plaintiff's insurer—summary judgment for defendant improper**

Summary judgment should not have been granted for defendant in an action arising from a construction dispute where plaintiff, a heating and air conditioning contractor, had filed an action against defendant, the general contractor, for damages caused by failure to schedule work properly; plaintiff's insurer had settled a claim against plaintiff by defendant involving a broken water pipe without plaintiff's knowledge; the insurer and defendant had executed a "release in full" which contained a reservation of rights clause; defendant filed a counterclaim to plaintiff's action involving the broken water line; and plaintiff pled the settlement and release in response. Plaintiff ratified the release by pleading it as a defense to the counterclaim and may not claim that damage caused by the broken water line was defendant's responsibility, but the reservation of rights clause in the release should be given effect because there was an ongoing contractual relationship and multiple transactions between the parties and it is possible that defendant caused delays and cost overruns for plaintiff which were not related to the broken water line.

Justice MARTIN dissenting.

Justice MITCHELL joins in this dissenting opinion.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 77 N.C. App. 90, 334 S.E. 2d 495 (1985), affirming an order granting summary judgment in favor of the defendant entered 13 September 1984 by *Brannon, J.*, in WAKE County Superior Court. Heard in the Supreme Court on 10 June 1986.

*Graham & James, by J. Jerome Hartzell, for plaintiff-appellant.*

*Poyner & Spruill, by J. Phil Carlton, Cecil W. Harrison, Jr., and Susanna K. Gilchrist; and Warren, Kerr, Walston & Hollowell, by John H. Kerr, for defendant-appellee.*

BILLINGS, Justice.

The plaintiff, Bolton Corporation [hereafter Bolton], was the contractor responsible for installing the heating, ventilating and air conditioning system for the Walter R. Davis Library at the University of North Carolina at Chapel Hill. The defendant, T. A. Loving Company [hereafter Loving], the general contractor, was designated "Project Expediter" and was responsible for scheduling and coordinating the work of all the contractors. Both had fixed price contracts calling for completion in 930 days, which would have been early April of 1982. The work was completed in August of 1983, some 480 days late.

On 16 November 1983 the plaintiff sued the defendant for costs in excess of $350,000 which it claimed were the result of defendant's failure to schedule work properly so that plaintiff's work could be finished within the allotted 930 days. The plaintiff alleged breach of Loving's contract with the State, of which Bolton was an intended (later amended to read "direct") beneficiary, negligent breach of a common law duty of care flowing from the working relationship between plaintiff and defendant and breach of a common law duty of due care in the performance of its contract with the State.

On 23 January 1984 the defendant filed its answer, which included a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, various defenses, and a counterclaim for breach of contract and negligent performance of work by plaintiff under its contract, specifically claiming that Bolton had caused a 62-day delay by negligently damaging a water line that flooded the construction project and that Bolton had not paid its pro rata share of the power bills from April to August 1983, in the amount of $3,246.69.

On 2 February 1984 plaintiff's counsel notified plaintiff's liability insurer, Aetna Casualty & Surety Company, of the coun-

terclaim. The insurance company responded that Loving's claim regarding the broken water line had been settled. On 21 February 1984, without approval of the plaintiff, Aetna paid $136,445.29 to the defendant and obtained from the defendant a "Release in Full" executed by the defendant's Executive Vice-President. The release stated that it released Bolton and Aetna Casualty & Surety Company from

> all claims, demands, damages, actions, or causes of action, on account of damage to property, The Central Library, Chapel Hill, N.C. which occurred on or about the 14th day of April, 1983, by reason of water pipe breaking and of and for all claims or demands whatsoever in law or in equity, which it and its successors can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof.

The release concluded with the following preprinted wording on the form:

> It is Further Understood and Agreed that any party hereby released admits no liability to the undersigned or any others, shall not be estopped or otherwise barred from asserting, and expressly reserves the right to assert any claim or cause of action such party may have against the undersigned or any others.

On 22 February 1984 the plaintiff filed a reply to defendant's counterclaim alleging, *inter alia*, "that any recovery sought is barred by the doctrine of accord and satisfaction, settlement and release."

On 30 August 1984 Judge Brannon denied the defendant's Rule 12(b)(6) motion to dismiss. On 13 September 1984, he granted the defendant's motion for summary judgment. In the same order he stated that he had reconsidered the motion to dismiss and "now renews [the] determination that such motions should be denied," but he asked that if the appellate courts determined that summary judgment should not have been granted, in the interest of judicial economy they also rule on the correctness of his denial of the motion to dismiss. As reflected in the briefs before this Court, the motion to dismiss is based upon the defendant's contentions that:

(1) the State of North Carolina cannot legally delegate the duty to coordinate contracts governed by N.C.G.S. § 143-128; and

(2) the plaintiff's claim of negligent performance of contract does not allege property damage, and negligent performance of a contract does not give rise to a cause of action in tort against the promisor unless the negligence causes personal injury or property damage.

Because the Court of Appeals affirmed entry of summary judgment in favor of the defendant, it was not necessary for it to consider the trial judge's ruling on the motion to dismiss.

In considering the summary judgment order, the Court of Appeals noted that it was undisputed that Bolton had not consented to Aetna's settlement of Loving's claim against Bolton for the water damage, but it said that by pleading the settlement in its reply to defendant's counterclaim, Bolton ratified the settlement, thereby barring its own claims against defendant, citing *Keith v. Glenn*, 262 N.C. 284, 136 S.E. 2d 665 (1964). The Court of Appeals noted that if the plaintiff had not elected to ratify the settlement, it could have preserved its right of action against the defendant, citing *Bradford v. Kelly*, 260 N.C. 382, 132 S.E. 2d 886 (1963) and *McKinney v. Morrow*, 18 N.C. App. 282, 196 S.E. 2d 585, *cert. denied*, 283 N.C. 665, 197 S.E. 2d 874 (1973).

The Court of Appeals also said that plaintiff's reliance on the reservation of rights language in the settlement "would have validity" if plaintiff had "been a true party to the settlement, that is, if plaintiff had consented to the settlement at the time the 'Release in Full' was executed . . . ." 77 N.C. App. at 96, 334 S.E. 2d at 499. However, because the plaintiff did not consent to the settlement when the release was executed, the Court of Appeals said that the reservation of rights language "is merely a restatement of the law concerning a nonconsenting insured's rights: that by not consenting to its insurer's settlement and release, it retained its right to pursue any claims it may have against the defendant. However, once plaintiff ratified the compromise settlement, it gave up this right." *Id.*

The case of *Keith v. Glenn*, 262 N.C. 284, 136 S.E. 2d 665, primarily relied upon by the Court of Appeals in reaching its decision, involves claims arising from an automobile accident. In the

context of a single automobile collision, the reason for the rule that ratification of a settlement of claims against the insured bars the insured's claim is obvious. If the plaintiff has ratified a settlement paying the defendant for injuries allegedly resulting from the plaintiff's negligence, it would be factually inconsistent for the plaintiff then to be allowed to recover against the defendant in a jurisdiction where contributory negligence is a total bar to recovery. As we said in *Snyder v. Oil Co.*, 235 N.C. 119, 120, 68 S.E. 2d 805, 806 (1952):

> By said compromise settlement each party bought his peace respecting any liability created by the collision. The adjustment of said claim by the payment of the amount agreed constituted an acknowledgment, as between the parties, of the liability of the oil company, and the nonliability, or at least a waiver of the liability, of the defendant Dixon.

In the case *sub judice,* instead of a single incident, an accident, we have an ongoing contractual relationship and multiple transactions. It is possible that the defendant caused delays to the work, resulting in cost overruns for the plaintiff, that were totally unrelated to any delays from the broken water line. In fact, the water line was not broken until well after the original completion date had been missed. By saying that the reservation of rights clause has no effect, we would be saying that for the price of settling the issue of its liability resulting from the broken water pipe, the plaintiff gave up all of its own completely unrelated claims against the defendant, even though the settlement agreement did not so provide. There is no logical reason for making the rule in automobile accident cases apply to the situation here.

In addition, by not giving effect to the reservation of rights language, we would be saying that it is legally impossible for parties to settle only one aspect of a multi-faceted dispute. There also is no logical reason for such a rule.

Finally, we note that in the cases cited by the defendant and relied upon by the Court of Appeals there was no reservation of rights language in the settlement documents signed by the party claiming that ratification barred the other party's claim. We disagree with the Court of Appeals' holding that the reservation of rights language had no effect but was merely an acknowledgment

of the rule of law that a release between an insured's insurance company and a claimant does not bind the insured unless ratified. The reservation of rights clause does not purport to reserve claims or causes of action only if the party released does not ratify the release; it reserves them completely. When the plaintiff ratified the release by pleading it as a defense to the counterclaim, it ratified the entire agreement, including the reservation of rights. We hold that such language should be given effect. "Whether denominated accord and satisfaction or compromise and settlement, the executed agreement terminating or purporting to terminate a controversy is a contract, to be interpreted and tested by established rules relating to contracts." *Casualty Co. v. Teer Co.*, 250 N.C. 547, 550, 109 S.E. 2d 171, 173 (1959). As Justice (now Chief Justice) Branch said in *Adder v. Holman & Moody, Inc.*, 288 N.C. 484, 492, 219 S.E. 2d 190, 195-96 (1975),

> A release is the giving up or abandoning of a claim or right to the person against whom the claim exists or the right is to be exercised . . . . Whether this agreement be called a release, a waiver or be given some other designation is not important to our decision. Obviously defendant's Exhibit "A" is a contract and is therefore subject to the recognized rules of construction of contracts.

> The heart of a contract is the intention of the parties. The intention of the parties must be determined from the language of the contract, the purposes of the contract, the subject matter and the situation of the parties at the time the contract is executed.

In *Adder* this Court held that the contract by which the plaintiff had acknowledged that he had no defenses or set-offs against his indebtedness to the defendant for labor and parts to renovate the plaintiff's car did not bar the plaintiff's affirmative claims against the defendant, for "[n]owhere in the contract is there any reference to a release of plaintiff's pending claims based on negligence or implied warranty." *Id.* at 493, 219 S.E. 2d at 196.

All parts of a contract are to be given effect if possible. It is presumed that each part of the contract means something. *Robbins v. Trading Post*, 253 N.C. 474, 477, 117 S.E. 2d 438, 440-41 (1960). In *Electric Supply Co. v. Burgess*, 223 N.C. 97, 25 S.E. 2d 390 (1943), this Court gave effect to a provision in a general re-

lease of a principal and a surety on a construction contract that reserved rights against the principal for certain items, quoting with approval the following from 23 R.C.L., 389, sec. 26:

> "Great liberality is allowed in construing releases. The intent is to be sought from the whole and every part of the instrument; and where general words are used, if it appears by other clauses of the instrument, or other documents, definitely referred to, that it was the intent of the parties to limit the discharge to particular claims only, courts, in construing it, will so limit it."

*Id.* at 100, 25 S.E. 2d at 392.

Although the document at issue in the instant case was between Aetna and Loving, the reservation of rights clause applied to "any party hereby released," and the release is specifically of "Bolton Corporation and their representatives, Aetna Casualty & Surety Co." Bolton ratified the release by pleading it as a defense to the counterclaim and as a result may not claim that delay and damage caused by the broken water line was Loving's responsibility. *Keith v. Glenn,* 262 N.C. 284, 136 S.E. 2d 664; *Patterson v. Lynch, Inc.* 266 N.C. 489, 146 S.E. 2d 390 (1966).

In the instant case, according to the terms of the "Release in Full," in exchange for the payment of $136,445.29, Loving has surrendered all of its claims against Bolton arising prior to the date of execution of the release; Bolton has retained its right to pursue its claims against Loving. Loving caused the release agreement to be executed after the suit and counterclaim had been filed. Presumably defendant knew what the contract provided and was satisfied with its terms.

Because the reservation of rights in the release is to be given effect, summary judgment should not have been granted in favor of the defendant. We therefore reverse the Court of Appeals. Because of its disposition of the summary judgment issue, the Court of Appeals did not reach the question of whether to review the trial court's denial of the defendant's Rule 12(b)(6) motion to dismiss. A ruling denying a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) is ordinarily a nonappealable interlocutory order. *State v. School,* 299 N.C. 351, 261 S.E. 2d 908, *aff'd on rehearing,* 299 N.C. 731, 265 S.E. 2d 387, *appeal dismissed,* 449

U.S. 807, 66 L.Ed. 2d 11 (1980). The ruling by the trial judge in this case does not affect a substantial right of the defendant which cannot be later protected by a timely appeal. Therefore, we decline the invitation of the trial judge to entertain an appeal from his denial of the defendant's motion to dismiss.

This case is remanded to the Court of Appeals for further remand to the trial court for further proceedings.

Reversed and remanded.

Justice MARTIN dissenting.

I must dissent. The majority, without citing a single case in point, has held for the first time that a general release executed by one party and ratified by the opposing party does not bar the opposing party from pursuing claims against the party that executed the release. This is contrary to *Keith v. Glenn,* 262 N.C. 284, 136 S.E. 2d 665 (1964); *Bradford v. Kelly,* 260 N.C. 382, 132 S.E. 2d 886 (1963); *Cannon v. Parker,* 249 N.C. 279, 106 S.E. 2d 229 (1958); *Houghton v. Harris,* 243 N.C. 92, 89 S.E. 2d 860 (1955); *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805 (1952).

T. A. Loving Company executed a "release in full" that

for the sole consideration One hundred thirty six thousand, four hundred forty five & 29/100 Dollars, to it in hand paid by Aetna Casualty & Surety Co. and Bolton Corp. have released and discharged, and by these presents do for itself and its successors and assigns, release and forever discharge the said Bolton Corporation and their representatives, Aetna Casualty & Surety Co. and all other persons, firms or corporations from all claims, demands, damages, actions, or causes of action, on account of damage to property, The Central Library, Chapel Hill, N.C. which occurred on or about the 14th day of April, 1983, by reason of water pipe breaking and of and for all claims or demands whatsoever in law or in equity, which it and its successors can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof. Subject to carpet warranty stated in Aetna's letter of 12/2/83 to T. A. Loving Company and general warranties stated in Aetna's letter of 9/8/83 to T. A. Loving

Company, both of which are incorporated into and made a part of this release.

It is Understood and Agreed that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, suspected and unsuspected.

It is Further Understood and Agreed that any party hereby released admits no liability to the undersigned or any others, shall not be estopped or otherwise barred from asserting, and expressly reserves the right to assert any claim or cause of action such party may have against the undersigned or any others.

Thereafter, in this litigation, Loving Company filed a counterclaim against the plaintiff, and to that counterclaim the plaintiff filed a reply in which Bolton ratified the release in full by pleading: "As a further reply to the counterclaim asserted by defendant, plaintiff alleges and says that any recovery sought is barred by the doctrine of accord and satisfaction, settlement and release."

The settled law in North Carolina is that when a plaintiff pleads settlement and release as a bar to a defendant's counterclaim, the pleading constitutes a ratification of the settlement and bars both plaintiff's and defendant's actions. *Keith v. Glenn*, 262 N.C. 284, 136 S.E. 2d 665 (and cases cited above).

The majority strains to hold that although plaintiff ratified the accord and satisfaction represented by the release, it did not ratify all of the terms of the release. Plaintiff did not limit its ratification in the reply. To interpret the reply and the release as meaning that the defendant can't sue the plaintiff but plaintiff can sue defendant is illogical and certainly not the intent of the parties. Plaintiff was not required to ratify the release. It is clear to me that it was the full, stated intent of the parties that all claims were released. If plaintiff had not ratified the release and become a party to the accord and satisfaction, then it could have exercised the remedies set out in the release instrument.

The majority states that unless we allow the plaintiff to maintain this action in spite of the release, it would be "legally impossible for parties to settle only one aspect of a multi-faceted

dispute." I am sure that the majority realizes that a party can release another party by a specific release rather than by a release in full. In fact, the release in question excepts from the general release claims under a warranty as to the carpet and as to certain other warranties "stated in Aetna's letter of 9/8/83." The parties could have easily prevented this controversy by simply stating in the release in question that it was only a release of the water damage claim resulting from the broken water pipe, thus making the release a specific release and avoiding the consequences of the ratification of a general release. While it is true that the cases cited in the Court of Appeals opinion deal with causes of actions arising from automobile collisions, the analysis of the principle which bars the plaintiff in such actions is not based upon tort law but upon the contractual law of accord and satisfaction based upon the ratification of a general release. *Bradford v. Kelly*, 260 N.C. 382, 132 S.E. 2d 886.

Under the principles of contract, I find that plaintiff, by its ratification of the general release, has joined in the accord and satisfaction between plaintiff and defendant, and neither plaintiff nor the defendant may sue on the basis of any claims which may have arisen prior to the date of the execution of the general release.

Justice MITCHELL joins in this dissenting opinion.