GERALD E. HEWETT, Plaintiff v. ROBERT WILLIAM WEISSER,
BONNIE VANHOUTEN WEISSER, AND TONYA GAIL GOODE, Defendants

No. COA08-1563

(Filed 8 December 2009)

## 1. Accord and Satisfaction— written settlement agreement

The trial court erred in granting summary judgment in favor of defendants Robert and Bonnie Weisser on their counterclaim for property damage where plaintiff pled accord and satisfaction as a defense to the counterclaim because there was no evidence forecast of a written settlement agreement of all claims.

## 2. Accord and Satisfaction— written settlement agreement

Plaintiff's pleading of accord and satisfaction to defendants' counterclaim could not act as a bar to his personal injury claim without the "written terms of a properly executed settlement agreement . . . [that] specifically stated that the acceptance of said settlement constitutes full settlement of all claims and causes of action arising out of the said motor vehicle collision or accident." N.C. Gen. Stat. § 1-540.2.

Appeal by plaintiff from order entered 25 August 2008 by Judge Gary L. Locklear in Superior Court, Brunswick County. Heard in the Court of Appeals 9 June 2009.

*David and Associates, P.L.L.C., by David F. Turlington, for plaintiff-appellant.*

*Ennis, Newton & Baynard, P.A., by Stephen C. Baynard, for Robert and Bonnie Weisser.*

STROUD, Judge.

The trial court granted summary judgment in favor of defendants, Robert and Bonnie Weisser because plaintiff pled accord and satisfaction. Plaintiff appeals arguing, *inter alia*, that pursuant to N.C. Gen. Stat. § 1-540.2 the trial court could not properly grant summary judgment for defendants Robert and Bonnie Weisser. For the following reasons, we agree and reverse the trial court order granting summary judgment in favor of defendants Robert and Bonnie Weisser.

## I. Background

On 10 September 2007, plaintiff filed a complaint against defendants Robert Weisser and Bonnie Weisser (hereinafter "the Weissers") and defendant Tonya Goode ("Goode"). Plaintiff alleged that in 2004, defendant Bonnie Weisser owned a vehicle which she allowed defendant Robert Weisser to drive. Goode was driving a vehicle in which plaintiff was a passenger. There was a collision between the two vehicles, which plaintiff alleged was caused by the negligence of either Goode, defendant Robert Weisser, or both. Plaintiff sought damages for personal injuries he received in the accident. On 26 September 2007, Goode filed an answer and motions to dismiss. Goode also filed a crossclaim. On 20 November 2007, the Weissers filed an answer, counterclaim, crossclaims, and a motion to dismiss plaintiff's complaint. Both Weissers counterclaimed against plaintiff for damage to Bonnie Weisser's vehicle, but did not bring any claim for personal injury.

On 4 January 2008, plaintiff filed a reply to the Weisser's counterclaim and requested that the Weisser's counterclaim be dismissed. On 17 June 2008, the parties consented to allowing plaintiff to amend his reply to the Weisser's counterclaim. On or about 20 June 2008, plaintiff amended his reply to the Weisser's counterclaim pleading accord and satisfaction and requesting that the Weisser's counterclaim for property damage be dismissed. Plaintiff alleged that defendant Bonnie Weisser had accepted payment in full and satisfaction for the property damage to her car; thus, her claim for property damage against him was barred by the settlement.[1]

On 23 August 2008, the Weissers moved for, *inter alia*, summary judgment. On 25 August 2008, the trial court granted, *inter alia*, the Weisser's motion for summary judgment. The trial court ordered summary judgment in favor of the Weissers because "[p]laintiff's affirmative defense of Accord and Satisfaction as to the Defendants' Weissers Counterclaim entitles the Defendants Weissers to judgment as a matter of law." On 28 August 2008, plaintiff filed a motion to certify the trial court's order as not interlocutory, and thus, immediately appealable. On 15 September 2008, the trial court ordered that "[t]he summary judgment ordered in favor of the Weissers on August 18,

---

1. During her deposition, defendant Bonnie Weisser admitted she had accepted a check from State Farm in full settlement of her property damage claim. During plaintiff's deposition he stated that his father actually owned the vehicle in which he was a passenger and that the State Farm vehicle policy belonged to his father. Thus, plaintiff had no vehicle or vehicle insurance policy involved in the accident with the Weissers.

2008, is hereby deemed a final order, not interlocutory, and is immediately appealable[.]" Also on 15 September 2008, Goode voluntarily dismissed her crossclaim against the Weissers without prejudice, and the Weissers voluntarily dismissed their crossclaim against Goode without prejudice. Plaintiff appeals the trial court's granting of summary judgment in favor of the Weissers which resulted in the dismissal of his personal injury claims against them.

## II. Summary Judgment

### A. Interlocutory

We first note that although this appeal is interlocutory, as the trial court's order did not dispose of all claims, we will review this appeal as the trial court certified the order for appeal and "review will avoid piece-meal litigation." *See Wiggs v. Peedin*, —— N.C. App. ——, ——, 669 S.E.2d 844, 847 (2008) (citation omitted).

> [T]he trial court certified plaintiffs' appeal as immediately appealable pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. Even though this Court is not bound by the trial court's certification, in our discretion we review this interlocutory appeal because there is no just reason for delay and our review will avoid piece-meal litigation.

*Id.* (citation omitted).

### B. Standard of Review

> Summary judgment, by definition, is always based on two underlying questions of law: (1) whether there is a genuine issue of material fact and (2) whether the moving party is entitled to judgment. On appeal, review of summary judgment is necessarily limited to whether the trial court's conclusions as to these questions of law were correct ones.

> As the applicable standard of review is de novo, an appellate court must carefully examine the entire record in reviewing a grant of summary judgment, in order to assess the correctness of the trial court's determination of the two questions of law automatically raised by summary judgment[.]

*Woods v. Mangum*, —— N.C. App. ——, ——, 682 S.E.2d 435, 441 (2009) (citations, quotation marks, and brackets omitted).

## II. Accord and Satisfaction

**[1]** Plaintiff contends that the trial court erred in granting summary judgment in favor of the Weissers. Plaintiff argues granting summary judgment due to accord and satisfaction was erroneous because "no release nor other writing exists to document accord and satisfaction[.]" We agree.

N.C. Gen. Stat. § 1-540.2 provides that

> [i]n any claim, civil action, or potential civil action which arises out of a motor vehicle collision or accident, settlement of any property damage claim arising from such collision or accident, whether such settlement be made by an individual, a self-insurer, or by an insurance carrier under a policy of insurance, shall not constitute an admission of liability on the part of the person, self-insurer or insurance carrier making such settlement, which arises out of the same motor vehicle collision or accident. It shall be incompetent for any claimant or party plaintiff in the said civil action to offer into evidence, either by oral testimony or paper writing, the fact that a settlement of the property damage claim arising from such collision or accident has been made; provided further, that *settlement made of such property damage claim arising out of a motor vehicle collision or accident shall not in and of itself act as a bar, release, accord and satisfaction, or discharge of any claims other than the property damage claim, unless by the written terms of a properly executed settlement agreement it is specifically stated that the acceptance of said settlement constitutes full settlement of all claims and causes of action arising out of the said motor vehicle collision or accident.*

N.C. Gen. Stat. § 1-540.2 (2003) (emphasis added).

**[2]** In the case before us, there was no written settlement agreement. The only document which evidences a settlement was the check from State Farm to defendant Bonnie Weisser, which she admittedly cashed in full settlement of her property damage claim. There was no evidence forecast of any written settlement agreement which disposes of any personal injury claim or "all claims[.]" *Id.*

The Weissers contend that summary judgment was properly granted in their favor because

> [t]he settled law in North Carolina is that when a plaintiff pleads settlement and release as a bar to a defendant's counterclaim, the

HEWETT v. WEISSER

[201 N.C. App. 425 (2009)]

pleading constitutes a ratification of the settlement and bars both plaintiff's and defendant's actions. . . . The key analysis for the court is not defense raised by which the Plaintiff pleads the settlement, but that a settlement is pled in defense. The court has found that pleading settlement can be asserted by alleging accord and satisfaction[.]

However, the case law cited by the Weissers in support of their argument is clearly distinguishable in that in those cases a release was actually executed.[2] *See Bolton Corp. v. T. A. Loving Co.*, 317 N.C. 623, 625, 347 S.E.2d 369, 370 (1986) ("On 21 February 1984, without approval of the plaintiff, Aetna paid $136,445.29 to the defendant and obtained from the defendant a 'Release in Full' executed by the defendant's Executive Vice-President."), *review denied*, 325 N.C. 545, 385 S.E.2d 496 (1989); *Keith v. Glenn*, 262 N.C. 284, 287, 136 S.E.2d 665, 668 (1964) ("[Plaintiff] deliberately elected to plead: 'That the receipt of the sum of $1,250.00 and the execution of said release was in compromise and settlement of a disputed claim[.]'"); *Bradford v. Kelly*, 260 N.C. 382, 383, 132 S.E.2d 886, 887 (1963) ("[A] release executed by the defendant on September 22, 1961 in consideration of $559.02 whereby defendant had discharged [plaintiff] and his personal representatives from any liability growing out of the accident on September 18, 1961."); *Cannon v. Parker*, 249 N.C. 279, 281, 106 S.E.2d 229, 231 (1958) ("By the terms of the release (Exhibit A), [defendant], Administrator, for and in consideration of $900.00 to him paid by Robert R. Cothran and [plaintiff], fully released and discharged them from liability on account of the collision[.]"); *Houghton v. Harris*, 243 N.C. 92, 94, 89 S.E.2d 860, 862 (1955) ("On the same day plaintiff Harris executed two releases[.]"). Though defendants' cited cases raise various issues regarding the release, it is clear that in each case there was actually an executed release. *See Bolton Corp.* at 625, 347 S.E.2d at 370; *Keith* at 287, 136 S.E.2d at 668; *Bradford* at 383, 132 S.E.2d at 887; *Cannon* at 281, 106 S.E.2d at 231; *Houghton* at 94, 89 S.E.2d at 862.

The only case defendants direct our attention to which does not explicitly state that a release was executed is *Snyder v. Kenan Oil Co.*, 235 N.C. 119, 68 S.E.2d 805 (1952); however, even in *Snyder* it is

---

2. We also note that all of the cases cited by the Weissers with the exception of *Bolton Corp. v. T. A. Loving Co.*, 317 N.C. 623, 347 S.E.2d 370 (1986), precede the enactment of N.C. Gen. Stat. § 1-540.2 in 1967, the controlling statute; furthermore, *Bolton Corp.* deals with a breach of contract dispute so N.C. Gen. Stat. § 1-540.2 would have no relevance in the context of the case. *See* 317 N.C. 623, 347 S.E.2d 370.

clear that there was a written or oral settlement agreement which "adjusted and settled *all* matters which arose or might arise out of said collision, as between the oil company and [defendant], as would a judgment duly entered in an action between said parties." *Id.* at 120, 68 S.E.2d at 806. In addition, *Snyder* was decided prior to the enactment of N.C. Gen. Stat. § 1-540.2. Accordingly, defendants have failed to direct our attention to any case which is analogous to the present case, in that there was no executed release or a settlement agreement regarding all claims.

. N.C. Gen. Stat. § 1-540.2 requires that a settlement as to property damage cannot "act as a bar, release, accord and satisfaction, or discharge of any claims other than the property damage claim, unless *by the written terms of a properly executed settlement agreement* it is specifically stated that the acceptance of said settlement constitutes full settlement of all claims and causes of action arising out of the said motor vehicle collision or accident." N.C. Gen. Stat. § 1-540.2 (emphasis added). Since enactment of N.C. Gen. Stat. § 1-540.2, only two cases have cited it. *See Garrett v. Smith,* 163 N.C. App. 760, 594 S.E.2d 232 (2004); *Leach v. Robertson,* 49 N.C. App. 455, 271 S.E.2d 405 (1980).

In *Garrett v. Smith,* "defendant's insurance company [provided a letter] regarding the settlement of the property damage claim[.]" 163 N.C. App. at 763, 594 S.E.2d at 234. Regarding the admissibility of the letter, this Court determined,

> [t]he letter in this case confirming that defendant's insurance company would pay for property damage expressly stated that it was merely a settlement of a disputed claim and was not an admission of liability or fault. As such, *evidence that defendant's insurance company had agreed to settle any claim for property damage arising out of this accident was inadmissible in the subsequent action for personal injury damages as proof that defendant was liable for the accident.*

*Id.* at 764, 594 S.E.2d at 234 (emphasis added). *See also Leach* at 457, 271 S.E.2d at 406 (concluding plaintiff was barred from bringing her personal injury action, but only after she pled "a release for all claims"). Here in his 20 June 2008, "Amendment to Reply[,]" (original in all caps), plaintiff pled "accord and satisfaction in that the Defendant, BONNIE VANHOUTEN WEISSER, has been paid for her entire property damage, including rental expenses." Plaintiff makes no mention of an executed release or settlement agreement regarding

all claims; furthermore, defendants did not present the trial court with any such agreement. Pursuant to the plain language of N.C. Gen. Stat. § 1-540.2, we conclude that without the "written terms of a properly executed settlement agreement . . . [that] specifically stated that the acceptance of said settlement constitutes full settlement of all claims and causes of action arising out of the said motor vehicle collision or accident[,]" N.C. Gen. Stat. § 1-540.2, plaintiff's pleading of accord and satisfaction cannot act as a bar to his personal injury claim. Accordingly, we reverse the trial court's order granting summary judgment for the Weissers.

### IV.  Conclusion

As we are reversing the trial court's summary judgment order, we need not address plaintiff's other contentions.

REVERSED.

Judges WYNN and BEASLEY concur.